IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIKA HAMILTON,<br><br>         Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>         Defendant.<br>_____/ | No. 09-04152 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE |

   Marika Hamilton brings this class action against Wells Fargo Bank alleging violations of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601, et seq., violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. and breach of contract.  Plaintiff alleges that Defendant illegally suspended and reduced credit limits on her home equity line of credit (HELOC) as well as those of other borrowers across the country.  Defendant moves to dismiss all of Plaintiff's claims except for her breach of contract claim.  Defendant also moves to strike various portions of Plaintiff's complaint.  Plaintiff opposes the motion.  Having read all of the papers submitted by the parties, the Court grants Defendant's motion to dismiss and denies its motion to strike.

BACKGROUND

Plaintiff, a resident of Fort Wayne, Indiana, obtained a HELOC for $103,600 from Defendant in August, 2008. The HELOC was secured by her house. In February, 2009, Defendant suspended her account because of her "derogatory credit." Compl. ¶ 20; Id., Exh. A. Surprised by this notice, Plaintiff checked her credit report and noticed only one blemish, a $25 late charge, which she then disputed. After she resolved the late charge issue, she requested reinstatement of her HELOC account but Defendant refused to do so. Defendant told Plaintiff that "the harder she pressed for reinstatement, the more difficult and painful Wells Fargo would make the reinstatement process, including a thorough examination of all of Plaintiff's accounts, including her business accounts." Compl. ¶ 24. Plaintiff alleges that the suspension of her HELOC account "negatively impacted the amount of credit she had available to pay for basic expenses" and it "damaged her credit rating and increased the cost of credit to her." Id. at ¶ 26.[1]

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds

---

[1] The Court takes judicial notice of the existence of the Wells Fargo websites mentioned in Plaintiff's opposition but not for the truth of the matters asserted therein. The Court denies Plaintiff's request to take judicial notice of various district court opinions on related subject matter. Judicial notice is not required to alert the Court to relevant case authority.

on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

                                DISCUSSION

I.   Plaintiff's TILA Claims

The first and second counts of Plaintiff's complaint allege a violation of 15 U.S.C. § 1647 and its implementing regulation, 12 C.F.R. § 226.5b. TILA applies to consumer transactions where "the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1602(h). TILA specifically exempts from its scope extension of credit for business or commercial purposes. 15 U.S.C.A. § 1603(1); 12 C.F.R. § 226.3(a). Defendant argues that these claims should be dismissed because Plaintiff has not alleged that her HELOC was primarily for personal, family, or household purposes.

"In evaluating whether a certain loan was made for commercial purposes, the emphasis should be on the purpose of the transaction and not on the categorization of the properties used to secure the

3

1  loan." Galindo v. Financo Fin., Inc., 2008 WL 4452344, at *4 (N.D.
2  Cal.). Plaintiff merely alleges that the HELOC was for "basic
3  expenses." Compl. ¶ 26. This allegation does not support the
4  claim that her HELOC was for "personal, family, or household"
5  purposes. Therefore, the Court concludes that Plaintiff has failed
6  to state cognizable TILA claims. The Court will grant Plaintiff
7  leave to amend her TILA claims if she can truthfully allege in a
8  non-conclusory fashion that the purposes for which she uses her
9  HELOC accord with 15 U.S.C. § 1602(h).
10      Defendant also argues that Plaintiff's first cause of action
11 should be dismissed because she seeks a remedy unavailable under
12 TILA, declaratory relief. Defendant cites law from the Eleventh
13 Circuit which notes that TILA does not "confer upon private
14 litigants an implied right to an injunction or other equitable
15 relief such as restitution or disgorgement." Christ v.
16 Beneficial Corp., 547 F.3d 1292, 1297-98 (11th Cir. 2008). Christ
17 does not preclude relief under the Declaratory Judge Act, although
18 the Act gives the Court discretion as to whether to allow it. 28
19 U.S.C. § 2201 ("any court of the United States, upon the filing of
20 an appropriate pleading, may declare the rights and other legal
21 relations of any interested party seeking such declaration.").
22 Here, the relief sought under the Declaratory Judgment Act is
23 essentially a declaration of liability under TILA. Plaintiff may
24 seek the remedy of declaratory relief if she can truthfully allege
25 her TILA claims.
26 II.  Implied Covenant of Good Faith and Fair Dealing
27      Plaintiff's fourth cause of action is for a breach of the
28                                      4

implied covenant of good faith and fair dealing.  Defendant argues that the Court should analyze this cause of action under Indiana law because of the choice of law provision in the HELOC contract. That provision states, "[T]his agreement and all related documents, as well as the rights, remedies, and duties of the Bank and the Borrower(s), shall be governed and interpreted by federal law with respect to national banks and, to the extent not preempted by federal law, the laws of the state in which the Property is located."  Compl., Exh. B.  Section two of the HELOC agreement defines "Property" as the property in which the borrower has given Wells Fargo a security interest.  Id. ("The Security Instrument gives you a security interest in the property located at the address shown above (the 'Property').").  Plaintiff does not dispute that her property is located in Fort Wayne, Indiana. Rather, she argues that the Court should invalidate the choice of law provision of the HELOC agreement because "substantial injustice would result from its enforcement."  Washington Mutual Bank v. Superior Court, 24 Cal. 4th 906, 918 (2001).  Plaintiff claims that, because the HELOC agreement was an adhesion contract, and because Indiana law lacks the same consumer protections as California, application of Indiana law would be substantially unjust.  Although the adhesive nature of a contract is a relevant factor when determining whether a choice of law clause is valid, courts also assess whether the provision "was included in the contract 'by improper means, such as by misrepresentation, duress, or undue influence, or by mistake.'"  Discovery Bank v. Superior Court, 134 Cal. App. 4th 886, 896 (2005) (quoting Restatement

5

(Second) Conflicts of Law § 187 cmt. b). Here, Plaintiff does not argue that the choice of law clause is avoidable for fraud, mistake or any similar ground. Therefore, the Court applies Indiana law to Plaintiff's state law claims.

"Indiana law does not impose a generalized duty of good faith and fair dealing in every contract." Hispanic College Fund, Inc. v. National Collegiate Athletic Ass'n, 826 N.E.2d 652, 658 (Ind. Ct. App. 2005) See Bob Nicholson Appliance, Inc. v. Maytag Co., 883 F. Supp. 321, 327 (S.D. Ind. 1994); Hamlin v. Steward, 622 N.E.2d 535, 540 (Ind. Ct. App. 1993). Indiana courts will impose such a duty only if the contract (1) contains ambiguities, (2) expressly imposes the duty on the parties or (3) pertains to an employment or insurance matter. Allison v. Union Hosp., Inc., 883 N.E.2d 113, 123 (Ind. Ct. App. 2008). The Indiana Supreme Court explained its reluctance to extend this duty:

> It is not the province of courts to require a party acting pursuant to such a[n unambiguous] contract to be "reasonable," "fair," or show "good faith" cooperation. Such an assessment would go beyond the bounds of judicial duty and responsibility. It would be impossible for parties to rely on the written expressions of their duties and responsibilities. Further, it would place the court at the negotiation table with the parties.

First Fed. Sav. Bank of Ind. v. Key Markets, Inc., 559 N.E.2d 600, 604 (Ind. 1990). Because Plaintiff has not shown that the HELOC contract is ambiguous or pertains to an employment or insurance matter, the Court concludes that she may not bring her claim for breach of the covenant of good faith and fair dealing.

III. UCL

Because Indiana, not California, law applies to Plaintiff's

state law claims, the Court dismisses her fifth cause of action for violation of California's UCL. Having signed a contract in which Plaintiff agreed to litigate her claims under Indiana law, she cannot seek protection under California statutes.

## IV. Fraud

Under Indiana law, the elements of fraud are: "(1) a material representation of a past or existing fact by the party to be charged that; (2) was false; (3) was made with knowledge or reckless ignorance of its falsity; (4) was relied upon by the complaining party; and (5) proximately caused the complaining party's injury." Ruse v. Bleeke, 914 N.E.2d 1, 10 (Ind. Ct. App. 2009). Defendant argues that Plaintiff's fraud claim fails because she did not rely on any action of Defendant to her detriment. Plaintiff cannot sustain a claim for fraud if her complaint alleges facts "incapable of showing detrimental reliance." McCalment v. Eli Lilly & Co., 860 N.E.2d 884, 896 (Ind. Ct. App. 2007).

Defendant argues that Plaintiff has not alleged that she actually relied on any statements made by Defendant. Plaintiff counters that the "Court should consider a good faith extension of existing law." She argues that she not be required to demonstrate reliance because reliance is merely a proxy for causation and here Defendant's conduct clearly caused her an injury. Opposition 17. The Court will not consider such an extension. Indiana law requires Plaintiff to allege reliance and Plaintiff has not done so. Accordingly, the Court dismisses Plaintiff's sixth cause of action for fraud. Plaintiff may amend this claim if she can truthfully allege reliance.

## V. Motion to Strike

Defendant also moves to strike from Plaintiff's complaint her request for statutory damages as a remedy for the alleged TILA violation. Defendant argues that Plaintiff cannot receive statutory damages under the relevant statute of TILA, 15 U.S.C. § 1640, because the statute that she claims Defendant violated, § 1647(c), is not among those enumerated in § 1640(a) for which damages are available. However, § 1640(a) does not provide an exhaustive list of TILA violations for which statutory damages are available. Section 1640(a) specifically discusses the TILA "disclosure" requirement violations that can provide as the basis for statutory damages. Plaintiff's allegations against Defendant do not concern disclosure requirements. Rather, she alleges that Defendant failed to have a reasonable belief and factual basis for suspending her HELOC account, as required under § 1647(c). Nothing in § 1640(a) precludes a statutory damages remedy for this type of TILA violation. Therefore, the Court denies Defendant's motion to strike Plaintiff's request for statutory damages.

Defendant also seeks to strike paragraph ten and the first sentence of paragraph twelve of the complaint. These allegations state that Defendant's actions were unconscionable in light of the fact that Defendant obtained $25 billion from the federal government under the Emergency Economic Stabilization Act of 2008. These allegations have no bearing on the question of whether Defendant violated TILA. Accordingly, the Court grants Defendant's motion to strike these allegations.

CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss and grants in part Defendant's motion to strike. Docket No. 23. Plaintiff is given leave to amend her TILA and fraud claims. However, her claims against Defendant for breaching the implied covenant of good faith and fair dealing and for violating the UCL are dismissed with prejudice because amendment would be futile. Any second amended complaint must be filed within two weeks from the date of this order. If no second amended complaint is filed, Defendant must file an answer to the remaining claims within four weeks from the date of this order.

IT IS SO ORDERED.

Dated: 4/12/10

CLAUDIA WILKEN
United States District Judge