1  JOHN B. SULLIVAN (State Bar No. 96742)
   jbs@severson.com
2  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
3  KALAMA M. LUI-KWAN (State Bar No. 242121)
   kml@severson.com
4  SEVERSON & WERSON
   A Professional Corporation
5  One Embarcadero Center, Suite 2600
   San Francisco, CA  94111
6  Telephone:  (415) 398-3344
   Facsimile:  (415) 956-0439
7
   Attorneys for Defendant
8  WELLS FARGO BANK, N.A.

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11 | MARIKA HAMILTON, an individual, on her own behalf and on behalf of all others similarly situated | Case No.: CV 09-04152 CW

12 | | CLASS ACTION

13 |         Plaintiff, | **[STIPULATED] PROTECTIVE ORDER**

14 |    v. |

15 | WELLS FARGO BANK, N.A., |

16 |         Defendant. |

Pursuant to a stipulation of the parties, good cause having been shown, the Court hereby orders that the following procedures are to be employed in this action for the protection of the parties, and others from whom information may be obtained in connection with this action, against disclosure or any improper use of confidential information produced in discovery, filed with this Court or otherwise disclosed in connection with this litigation:

1. <u>Application.</u>  This Stipulated Protective Order shall apply to (i) all documents, information, or other materials produced in discovery in this case or disclosed by any party or third-party to another party, formally or informally, and (ii) all documents, information, or other materials submitted in support of a motion before the court by any party or third-party ("Producing Party"), that shall have been designated by any party in this case or by any third-party ("Designating Party") as "Confidential" or "Confidential - Attorneys' Eyes Only."  All documents, information, or other materials marked "Confidential" or "Confidential – Attorneys' Eyes Only" by a Designating Party, and all documents, information, or other materials derived from or in any way reflecting such "Confidential or "Confidential – Attorneys' Eyes Only" documents, information, or other materials, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived from such documents, information, or other materials, shall be referred to collectively in this Stipulated Protective Order as "Confidential Material."  This Stipulated Protective Order is entered into for the purpose of expediting this case and facilitating the production and/or submission of relevant documents and information by limiting and/or eliminating disputes over whether documents should be withheld from production on the basis of trade sensitivity, privilege, or confidentiality.

2. <u>Designating Confidential Material.</u>  Any party, or a third-party producer of documents, in accordance with general principles of good faith, may designate as "Confidential" or "Confidential - Attorneys' Eyes Only" any documents, information, or other materials provided in this case.  For purposes of this Stipulated Protective Order, the term "documents," as used herein, is intended to be construed as broadly as allowable under Federal Rule of Civil Procedure 26(b), and shall include, but is not limited to, papers, photographs, films, recordings, memoranda, books, records, reports, accounts, e-mail, voicemail, communications of all types,

and all retrievable information in computer storage.  Any document, information, or other material designated "Confidential" may bear the label or stamp "CONFIDENTIAL" or other similar identifying label or stamp.  Any document, information, or other material designated "Confidential - Attorneys' Eyes Only" may bear the label or stamp "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or other similar identifying label or stamp.  Confidential Material may be so designated either at the time of production or within 30 days thereafter by provision of marked copies of previously produced documents to replace previously unmarked documents or by written designation of previously unmarked documents, information, or other material that are to be considered Confidential Material.  A designation of Confidential Material after production of documents or provision of information shall specify with particularity which document(s) or information is being designated as "Confidential" or "Confidential - Attorneys' Eyes Only."

3.  <u>Material Received from Third-Parties.</u>  Any party or its counsel that receives documents, information, or other material from a third-party—that is either responsive to a discovery request or may potentially be used by either party in the case—whether received pursuant to a subpoena or other request, formally or informally, shall, within 10 business days of receipt, provide such documents, information, or other material to the attorneys for the other parties in this case.  Such other parties or their counsel shall have 30 days after receiving the materials to designate such documents, information, or other materials as Confidential Material under paragraph 2 above and subject to the terms of this Stipulated Protective Order.  Any documents received from any third party shall be treated as Confidential Material until the earlier of the expiration of the 30 day period or written confirmation from the other party that they do not constitute Confidential Material.

4.  <u>Deposition Testimony.</u>  Deposition testimony, or any portions thereof, may be designated as Confidential Material by any attorney for a party to this action before or during the deposition or within 30 days after the attorney's receipt of the transcript of the deposition.

5.  <u>Limitations on Disclosure.</u>  Confidential Material shall be produced only to counsel for the parties to this case, who shall use such Confidential Material solely in the prosecution or defense of this case and consistent with this Stipulated Protective Order, and for no

other litigation, business or other purpose. Confidential Material shall not be exhibited or disclosed by counsel to any party or other person or entity except as provided for in this Stipulated Protective Order. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated Confidential Material by someone other than that party, the party shall give prompt actual written notice to the Producing Party and the Designating Party, by hand or e-mail (with confirmation of receipt) transmission, within three business days of receipt of such subpoena, demand or legal process, and shall object to its production and set forth the existence of this Stipulated Protective Order. No Confidential Material shall be produced in any other action absent an express Court Order requiring such production.

      6. <u>Permitted Disclosures of Material Marked "Confidential"</u>. Subject to the terms of this Stipulated Protective Order, a party or its counsel may disclose Confidential Material designated as "Confidential"—including any documents, information, photocopies, testimony, or other material derived from or reflecting such Confidential Material designated "Confidential"—to the following persons only, who shall use such documents and the information contained therein solely in the prosecution or defense of this case and for no other litigation, business or other purpose:

      a. attorneys for the parties, including outside and in-house counsel, as well as all clerical staff, administrative assistants, and paralegals working with such attorneys;

      b. the parties, including any officers, directors, employees, or former employees, of the party or its counsel, if such persons are actively engaged in connection with, or who are making decisions with respect to, the preparation for and trial of this matter (for the purposes of this Stipulated Protective Order, "party" shall include any parent entity of any party in the above-captioned lawsuit);

      c. court personnel and/or court reporters who are actively engaged in connection with the administration of, preparation for and trial of this matter;

      d. independent experts and consultants and their employees or clerical assistants who are employed, retained or otherwise consulted by the counsel of record or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in any way in this matter, only to the extent necessary for such expert or consultant to perform his or her work in connection with this litigation, and only after 14 days following the receipt by the Designating Party of written

        notice containing (1) the identity of such individuals; (2) a current resume or curriculum vitae for such persons; and (3) an affidavit in the form attached to this Stipulated Protective Order as Exhibit A;

    e.    witnesses or potential witnesses currently not employed by either party, in preparation for giving testimony in this matter by deposition or at a hearing and/or trial relating to "Confidential" documents or who are believed to possess information deemed necessary for the prosecution or defense of this matter, provided that the witness or potential witness has executed an affidavit in the form attached to this Stipulated Protective Order as Exhibit A;

    f.    any person who otherwise would be entitled to review the "Confidential" documents, including auditors, as a result of contractual obligations, federal or state laws, or court orders; provided, however, that such "Confidential" documents will not be produced pursuant to a request for production of documents in any other litigation or action in the absence of an order requiring such production as provided under paragraph 5 above;

    g.    employees of litigation support companies, including reproduction companies and imaging vendors;

    h.    the jury, if the Court admits such documents into evidence; and/or

    i.    Other persons by the prior written consent of the Parties or their counsel or by Order of the Court.

    7.    <u>Permitted Disclosures of Materials Marked "Confidential - Attorneys' Eyes Only"</u>. Confidential Material designated as "Confidential – Attorneys' Eyes Only"—including any documents, information, photocopies, testimony, or other material derived from or reflecting such Confidential Material designated "Confidential – Attorneys' Eyes Only"—may be disclosed, summarized, described, revealed or otherwise made available only in accordance with the terms of this Stipulated Protective Order, and only to the persons described in paragraphs 6(a), (c) and (g) of this Stipulated Protective Order. No other persons or entities shall receive, view, or otherwise access Confidential Material designated as "Confidential – Attorneys' Eyes Only" for any other purpose absent an express court order directing or permitting such disclosure.

    8.    <u>Disclosure to Additional Persons.</u> No party shall disclose Confidential Material to any person other than as provided in paragraphs 6 and 7 of this Stipulated Protective Order. However, if counsel shall hereafter desire to give, show, make available or communicate Confidential Material to any person not referred to in paragraphs 6 and 7 or above, counsel shall notify the counsel for the Designating Party in writing of the proposed use or disclosure and shall

specify the name, occupation and address of the person to whom disclosure is proposed, the reason for the proposed disclosure, and a description of the documents or information to be disclosed.  Within 7 days following receipt of said notice, counsel for the Designating Party shall notify the counsel who proposed to disclose Confidential Material to a person not identified in paragraphs 6 and 7 above in writing of any objection and the grounds therefore, and, if such objection(s) are not resolved on an informal basis, shall promptly submit such objection(s) to the Court for ruling.  There shall be no disclosure of Confidential Material pending notice and resolution of any objection either on an informal basis or by a ruling of the Court.

9. <u>Acknowledgements.</u>  Confidential Material designated as "Confidential" shall not be given, shown, made available, discussed or otherwise communicated to anyone other than the attorneys of record and in-house counsel and persons specified in paragraph 6(b) without first informing him or her of the contents of this Stipulated Protective Order.  In the case of the persons specified in paragraph 6(d) through paragraph 6(f), as applicable, counsel shall obtain from such person a signed acknowledgment, in the form attached hereto as Exhibit A prior to the disclosure, discussion or other communication of any Confidential Material designated as "Confidential."  Counsel making such disclosure shall retain the original acknowledgments described hereinabove, together with the full names and addresses of each signer for a period of 60 days following the entry of a final and unappealable order resolving this litigation.  Within 60 days after final resolution of this litigation as to the parties, counsel making such disclosure shall provide, if requested by the Designating Party, to counsel for the Designating Party all signature pages and acknowledgments.

10. <u>Use of Confidential Material During Depositions.</u>  Confidential Material designated "Confidential" may be referred to in the course of depositions, or made exhibits to depositions, and the deponent, all counsel, and other persons present at the deposition, or who review the transcript thereof, shall be informed of and be bound by the terms of this Stipulated Protective Order.  Documents and information designated as "Confidential - Attorneys' Eyes Only" may not be used or referred to in the course of depositions absent an agreement between the parties or a court order expressly permitting such use.

11.  **Use of Confidential Material in Court Papers.**  Confidential Material designated as "Confidential" may be referred to in pleadings such as briefs and memoranda filed with the Court or made exhibits to such documents, provided that any such pleadings filed with the Court which contain or attach such Confidential Material shall be sealed and shall be made public in whole or in part only after notice to all parties and opportunity for them to be heard.  Any Confidential Material designated "Confidential" presented to or filed with the Court shall be placed in a sealed envelope and shall bear the following statement:

> CONFIDENTIAL DOCUMENTS - Subject to the Stipulated Protective Order in *Marika Hamilton v. Wells Fargo Bank, N.A.*, Case No. 09-cv-04152.  This envelope contains documents filed in this case by [name of party] and is not to be opened nor the contents to be displayed nor revealed except by Order of the Court or agreement of the parties.

Confidential Material designated "Confidential - Attorneys' Eyes Only" may not be referred to in any papers filed with the Court, nor shall they be made exhibits to such papers, except as necessary to resolve designation disputes under paragraph 15 of this Stipulated Protective Order or to seek permission to disclose or otherwise use such information and in such cases the provisions of this paragraph shall apply.

12.  **Post-litigation Duties of Counsel Receiving Confidential Material.**  Unless the Court orders otherwise, within 30 days after the conclusion of this litigation, every counsel who has received Confidential Material shall, upon request of the Producing Party:

   a.   return all documents, information, and other material designated "Confidential" or "Confidential – Attorneys' Eyes Only" to counsel for the Producing Party; and

   b.   deliver all documentary materials derived from or reflecting any such documents, information, and other material designated "Confidential" or "Confidential – Attorneys' Eyes Only" to counsel for the Designating Party OR destroy such documentary materials, and notify counsel for the Designating Party in writing that such action has been taken; and

   c.   provide counsel for the Designating Party all original executed affidavits required by paragraph 14 below, with a copy to counsel for the Producing Party (if different from the Designating Party); and

     d.     inform counsel for the Producing Party and Designating Party in writing of the identity of any Confidential Material known to such counsel which has *not* been returned and/or destroyed in the manner required by this Order, and the identity of any person who has failed to return each such confidential document and/or item of confidential information.

13.    <u>Notice of the Conclusion of Litigation.</u>  Within 21 days after the conclusion of this litigation, unless the Court orders otherwise, upon request by the Designating Party, counsel for any party who received Confidential Material shall send notices to all persons to whom such counsel provided Confidential Material under paragraphs 6(d) through 6(f) that the litigation has concluded.  The notices shall direct the recipient to return all Confidential Material in his/her possession, custody or control to his/her counsel in this case, or the party or counsel who provided such person with such Confidential Material.  All persons who receive a notice shall comply with the directions stated in the notice.  Copies of such notices shall be provided to counsel for the Designating Party and, upon request, filed with the Court.

14.    <u>Designation Disputes.</u>  If any party or its counsel objects to another party's designation of Confidential Material, it shall advise the Designating Party and the parties shall make a reasonable, good-faith effort to resolve the issue.  If the parties are unable to resolve the issue, the objecting party may move the Court for an appropriate Order.  A dispute over the designation of Confidential Material shall not be grounds for delay of or refusal to permit discovery; provided, however, that until otherwise ordered by the Court, all of the materials as to which a dispute exists shall be treated as Confidential Material and subject to the provisions of this Stipulated Protective Order.  The burden of establishing that documents, information or testimony has been properly designated as Confidential Material shall be upon the Designating Party at all times.

15.    This Order shall be without prejudice to the right of the Parties or other persons to: (i) bring before the Court at any time the question of whether any particular document or

information is properly designated as Confidential Information, or (ii) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.  This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order.

16.  In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the Party responsible for having made such disclosure shall immediately procure the return of the material, and inform Counsel for the Producing Person whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible Party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

17.  Nothing in this Order shall be construed to govern or affect the admissibility or use of any Confidential Information at trial or hearing in open court.

18.  <u>Miscellaneous.</u>

    a.  The parties agree that this Stipulated Protective Order may not be used in this or any other matter for any purpose against any party, except as may be necessary to enforce its terms.

    b.  <u>Nothing in this Order shall prevent any interested member of the public to challenge the sealing of any documents.  In the event of such a challenge, the Party asserting confidentiality shall have the burden of proving the propriety of that designation.</u>

    c.  This Stipulated Protective Order may be executed in counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same agreement.

    d.  Until this Stipulated Protective Order has been signed by the Court, it shall be effective as an agreement among the parties immediately upon its execution by counsel of record for all parties.

This Stipulated Protective Order shall survive the termination of this action.

**SO STIPULATED:**

| | |
|---|---|
| /s/ Steven Lezell | /s/ Kalama M. Lui-Kwan |
| EDELSON MCGUIRE, LLC | SEVERSON & WERSON |
| 350 North LaSalle, Suite 1300 | A Professional Corporation |
| Chicago, IL 60654 | One Embarcadero Center, Suite 2600 |
| Telephone: (312) 589-6370 | San Francisco, CA 94111 |
| Facsimile: (312) 589-6378 | Telephone: (415) 398-3344 |
| | Facsimile: (415) 956-0439 |
| Attorneys for Plaintiff | |
| MARIKA HAMILTON | Attorneys for Defendant |
| | WELLS FARGO BANK, N.A. |

**IT IS SO ORDERED.**  But see L. R. 79-5.

DATED: 9/1/2010

THE HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIKA HAMILTON, an individual, on her own behalf and on behalf of all others similarly situated<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　　　Defendant. | Case No.: CV 09-04152 CW<br><br>CLASS ACTION<br><br>**ACKNOWLEDGMENT PURSUANT TO STIPULATED PROTECTIVE ORDER** |

　　I _____, subject to the penalties for perjury, state the following:

　　1.　　I have received and read, or been informed of, the Stipulated Protective Order entered herein by the Court;

　　2.　　I understand the terms thereof and agree to be bound thereby;

　　3.　　I am aware that a violation of such Order may result in a finding of contempt of Court;

　　4.　　I agree to submit to the personal jurisdiction of the United States District Court for the Northern District of California, to permit the enforcement of the terms of this Stipulated Protective Order; and

　　5.　　Prior to signing this Acknowledgement, I had an opportunity to consult with an attorney of my choosing to discuss the terms of the Stipulated Protective Order and my obligations thereunder.

_____
Signature　　　　　　　　　　　　Date

_____
Print Name, Street Address, City, State, Zip Code