# Exhibit A

1  Sean P. Reis (SBN 184044)
   EDELSON MCGUIRE, LLP
2  30021 Tomas Street, Suite 300
   Rancho Santa Margarita, California 92688
3  Telephone: (714) 352-5200
   Facsimile: (714) 352-5201
4  Email: sreis@edelson.com

5  Jay Edelson (Admitted *Pro Hac Vice*)
   Steven L. Woodrow (Admitted *Pro Hac Vice*)
6  Evan Meyers (Admitted *Pro Hac Vice*)
   EDELSON MCGUIRE, LLC
7  350 North LaSalle Street, Suite 1300
   Chicago, Illinois 60654
8  Telephone: (312) 589-6370
   Facsimile: (312) 589-6378
9  Email: jedelson@edelson.com
   Email: swoodrow@edelson.com
10 Email: emeyers@edelson.com

11 *Counsel for Plaintiffs*
   [additional counsel appear on signature page]
12

               **UNITED STATES DISTRICT COURT**
13          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14 MARIKA HAMILTON, an individual, on her          No.  4:09-CV-04152 CW
   own behalf and on behalf of all others
15 similarly situated,                             **CLASS ACTION**

16                                                 **STIPULATION OF SETTLEMENT**
                     Plaintiffs,
17                                                 The Honorable C. Wilken

18 v.

19 WELLS FARGO BANK, N.A.,

20                   Defendant.

21

22              **CLASS ACTION SETTLEMENT AGREEMENT**

23         This Class Action Settlement Agreement ("Agreement" or "Stipulation") is entered into by

24 and among Marika Hamilton, Michael Hickman, Jeffrey Yellin, and Brendan O'Leary, on behalf

25 of a class defined herein (collectively the "Plaintiffs") and Wells Fargo Bank, N.A., on behalf of

26 itself and as successor in interest to Golden West, Wachovia, and Wells Fargo Financial

27 (collectively, "Wells Fargo"), by and through their respective counsel of record.  This Agreement

28

is intended by Plaintiffs and Wells Fargo (collectively "the Parties") to fully, finally and forever compromise, resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

<strong>RECITALS</strong>

A.      On August 19, 2009, Michael Hickman brought a putative class action against Wells Fargo Bank, N.A. in the United States District Court for the Northern District of Illinois, Eastern Division, which was assigned Case No. 1:09-cv-5090, and was assigned to the Honorable Amy St. Eve.  Plaintiff's class action complaint sought relief on behalf of a nationwide class of home equity line of credit ("HELOC") customers, asserting claims for purported breaches of contract and violations of the Truth-in-Lending Act, 15 U.S.C. § 1647 *et. seq*., its implementing regulation, Regulation Z, 12 C.F.R. § 226.5b, and certain state laws based on Wells Fargo's claim that the customer's home value had significantly declined so as to justify suspending the customer's HELOC or reducing the credit available to the customer under the HELOC.

B.      On September 8, 2009, Marika Hamilton brought a putative class action against Wells Fargo Bank, N.A. in the United States District Court for the Northern District of California, which was assigned Case No. 4:09-cv-04152 and assigned to the Honorable Claudia Wilken. Plaintiff's class action complaint sought relief on behalf of a nationwide class of home equity line of credit ("HELOC") customers, asserting claims for purported breaches of contract and violations of the Truth-in-Lending Act, 15 U.S.C. § 1647 *et. seq*., its implementing regulation, Regulation Z, 12 C.F.R. § 226.5b, and certain state laws based on Wells Fargo's claim that there had been a material adverse change in the customer's financial circumstances so as to justify suspending or reducing the available credit under the HELOC.

C.      On May 20, 2010, Jeffrey and Ellen Yellin brought a putative class action against Wells Fargo Bank, N.A. in the Superior Court of California, San Francisco County, which was assigned Case No. CGC 10-500019.  On June 18, 2010, the bank removed the case to the United States District Court for the Northern District of California, which was assigned Case No. 4:10-cv-2665, and was assigned to the Honorable Phyllis J. Hamilton.  Plaintiff's class action complaint

- 2 -

1  sought relief on behalf of a class of California customers alleging that the bank violated section

2  17200 of California's Business and Professions Code and breached HELOC contracts with certain

3  of its customers based on Wells Fargo's claim that the customer's home value had significantly

4  declined so as to justify suspending the customer's HELOC or reducing the credit available to the

5  customer under the HELOC.

6      D.      On July 20, 2010, Brendan O'Leary brought a putative class action against Wells

7  Fargo Bank, N.A. in the United States District Court for the Eastern District of California, which

8  was assigned Case No. 2:10-cv-01913-MCE-GGH, and was assigned to the Honorable Morrison

9  C. England Jr.  Plaintiff's class action complaint sought relief on behalf of a nationwide class of

10 HELOC customers, asserting claims for purported breaches of contract and violations of the

11 Truth-in-Lending Act, 15 U.S.C. § 1647 *et. seq.*, its implementing regulation, Regulation Z, 12

12 C.F.R. § 226.5b, and certain state laws based on Wells Fargo's claim that the customer's home

13 value had significantly declined so as to justify suspending the customer's HELOC or reducing the

14 credit available to the customer under the HELOC.

15     E.      The Parties have vigorously litigated the issues involved in the cases.  The Parties

16 have briefed several motions, including motions to dismiss that were granted in part and denied in

17 part, and exchanged informal and formal discovery.  At the direction of several of the Courts,

18 including the courts presiding over the *Hamilton* and *Hickman* matters, the Parties have engaged

19 in preliminary settlement discussions and face-to-face meetings that culminated in a formal

20 mediation before the Honorable Edward Infante (Ret.) on October 20, 2010.  The settlement

21 negotiations involved the practices of Wells Fargo Bank, N.A. as well as the practices of affiliates

22 and institutions it previously acquired, including Golden West, Wachovia, and Wells Fargo

23 Financial.  Through the mediation process and the Parties' negotiations, the Parties were able to

24 resolve the Litigation.

25     F.      Wells Fargo has denied and continues to deny that it committed, threatened or

26 attempted to commit any of the alleged wrongful acts or violations that are alleged in Plaintiffs'

27 pleadings, or that it has engaged in any other wrongdoing.  Wells Fargo contends that there was a

28

- 3 -

1   significant decline in the value of the properties securing the HELOCs of customers whose

2   accounts were suspended or reduced, and/or that those customers had a material adverse change in

3   their financial circumstances; that it complied with the terms of the HELOC agreements; that it

4   complied with the Truth-in-Lending Act; that customers who comprise the putative class have

5   incurred no damages and are not entitled to any relief from Wells Fargo.  Wells Fargo further

6   contends that these cases are not amenable to adversarial class certification, that it has various

7   meritorious defenses to Plaintiffs' claims, and that it is prepared to vigorously defend the cases on

8   various procedural and substantive grounds.  Nonetheless, taking into account the uncertainty,

9   risks, and distractions inherent in any litigation, Wells Fargo desires to settle this matter.

10          G.      Plaintiffs believe that the claims asserted in the Actions have merit.  Nonetheless,

11   Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued

12   prosecution of the Actions against Wells Fargo through trial and any subsequent appeals.

13   Plaintiffs have also taken into consideration various modifications to its policies and procedures

14   for suspending or restricting HELOC which Wells Fargo has made over time, and the fact that

15   Wells Fargo has reinstated a number of the HELOC accounts which were suspended or reduced.

16   Plaintiffs and Class Counsel have also taken into account the uncertain outcome and risks of any

17   litigation, especially in complex actions, as well as the difficulties and delays inherent in such

18   litigation.  Therefore, Plaintiffs and Class Counsel believe that it is desirable that the Released

19   Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant

20   to this Agreement.

21          NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

22   Parties, by and through their respective undersigned counsel that, subject to approval of the Court

23   after a hearing or hearings as provided for in this Agreement, in consideration of the benefits

24   flowing to the Parties as set forth herein, that the Actions and the Released Claims shall be finally

25   and fully compromised, settled and released, and the Actions shall be dismissed with prejudice,

26   upon and subject to the terms and conditions of this Agreement.

27

28

- 4 -

1.      **DEFINITIONS**.

As used in this Agreement, the following terms have the meanings specified below:

**1.1      "Actions" or "Litigation"** means the putative class actions set forth in the Recitals A-D, designated as Case Nos. 1:09-cv-5090, 4:09-cv-04152, 4:10-cv-2665 and 2:10-cv-01913 brought by the Plaintiffs against Wells Fargo and any subsequent amendments thereto.

**1.2      "Approved Claim"** means a Claim Form submitted by a Class Member that is (a) timely and submitted in accordance with the directions on the Claim Form and the provisions of the Agreement; and (b) verified by the Class Member.

**1.3** "**Claims Administrator"** means Rust Consulting, Inc., which Wells Fargo will retain to oversee the provision of Notice to the Class Members as set forth in this Agreement, the processing of Requests for Exclusion from and Objections to this Agreement, the processing of Claim Forms submitted by members of the Former Customer Class as set forth in this Agreement and the resulting distribution of Settlement Benefits afforded to the Former Customer Class by this Agreement.

**1.4** "**Claims Deadline**" means the date by which all Claims Forms must be received to be considered timely and shall be no later than 60 days after the scheduled Fairness Hearing.

**1.5      "Claim Form"** means the documents required to obtain relief for former customers as set forth in Section 3.4 and substantially in the form attached hereto as Exhibit 1, as approved by the Court.  The Claim Form shall be available in paper format and in downloadable form on the settlement website.  The Claim Form will require class members to provide basic information, including the property address associated with the customer's Wells Fargo HELOC account.  The Claim Form will provide class members who were former Wells Fargo HELOC customers the option to provide certain information in order to receive a Settlement Benefit.

**1.6      Class Definitions.**  For the purposes of settlement only, the Parties agree to the certification of three classes ("Classes" or "Settlement Classes"), defined as follows:

a.      The "Financial Circumstances Class":

All persons in the United States from January 1, 2008 to June 30, 2011 whose Wells Fargo

- 5 -

HELOC accounts were restricted or reduced by Wells Fargo based on a claim by Wells Fargo that the borrower's financial circumstances had experienced an adverse material change to justify treatment of the borrower's account.

           b.    The "Property Value Class":

All persons in the United States from July 1, 2008 to June 30, 2011 whose Wells Fargo HELOC accounts were restricted or reduced based on a claim by Wells Fargo that the value of the property securing the HELOC had experienced a significant decline in value to justify treatment of the borrower's account.

           c.    The "Former Customer Class":

All persons in the United States from January 1, 2008 to June 30, 2011 who closed their Wells Fargo HELOC accounts following a restriction or reduction of the account by Wells Fargo based upon a claim by Wells Fargo that there has been a material adverse change of the borrower's financial circumstances, or a significant decline in the value of the property securing the HELOC, and who paid a Deferred Origination Fee as a result of the closure.

Excluded from the Classes are the following:  Wells Fargo; the Claims Administrator; any corporate parent, subsidiary, and affiliate of Wells Fargo; any judge presiding over this case or over any of the actions which comprise the Actions; and the immediate family members of any excluded person(s).

**1.7**    **"Class Counsel"** means Jay Edelson, Steven Woodrow and Evan Meyers of Edelson McGuire LLC and Plaintiffs' Steering Committee.

**1.8**    **"Class Representatives"** mean the Plaintiffs whom the Court approves as being Class Representatives for the Settlement Classes.

**1.9**    **"Complaint"** means the Consolidated Amended Class Action Complaint to be filed solely for the purpose of effectuating this Agreement.

**1.10**    **"Court"** means the United States District Court for the Northern District of California.

1      **1.11   "Deferred Origination Fee"** means the $500.00 fee charged to those Wells Fargo

2  customers whose accounts were closed within three years of having been opened.

3      **1.12   "Effective Date"** means the date, if any, on which the Judgment entered pursuant

4  to this Agreement becomes Final and not subject to appeal under the applicable law or, in the

5  event of a timely appeal from the entry of the Judgment, the date on which such appeal is resolved

6  affirming the Judgment in all material respects and the Judgment is not subject to further judicial

7  review.

8      **1.13   "Fairness Hearing"** means the hearing before the Court where the Parties will

9  request Judgment be entered by the Court approving the Agreement as fair, reasonable and

10  adequate, and ruling on the requests for Fee Award, and the incentive awards to the proposed

11  Class Representatives.

12      **1.14   "Fee Award"** means the amount of attorneys' fees and reimbursement of costs

13  awarded by the Court to Class Counsel.

14      **1.15   "Final"** means one business day following the later of the following events:  (i) the

15  date upon which the time expires for filing or noticing any appeal of the Court's Judgment

16  ordering the dismissal with prejudice of the Released Claims and approving the Agreement and

17  Fee Award; (ii) if there is an appeal, the date of completion, in a manner that finally affirms and

18  leaves in place the Judgment without any material modification, of all proceedings arising out of

19  the appeal (including, but not limited to, the expiration of all deadlines for motions for

20  reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and

21  all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or

22  (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

23      **1.16   "HELOC Treatment Policies"** refers to the current policies under which Wells

24  Fargo exercises its right to reduce or suspend customers' HELOCs based on a decline in the value

25  of the underlying property and/or adverse material changes in a borrower's financial

26  circumstances.

27

28

**1.17   "Judgment"** means the Order of Final Judgment to be entered by the Court at the Fairness Hearing or such other time approving this Agreement, without modifications that are unacceptable to the Plaintiff or Wells Fargo, as fair, adequate and reasonable in accordance with applicable jurisprudence, confirming the certification of the Classes, and issuing such other findings and determinations as the Court or the Parties deem necessary and appropriate to effectuate the terms of this Agreement.

**1.18   "Nationwide"** means the 50 United States of America and its territories.

**1.19   "Notice" or "Notice Plan"** means the documents disseminated to the Class describing this Agreement that shall be provided in the manner described in Paragraph 5 below, and includes a "long form" notice form to be posted on a website administered by the Claims Administrator, as well as summary notice forms sent by U.S. Mail in the manner described in Section 5, to each current and former Person who entered into a HELOC contract with Wells Fargo, or whose HELOC is otherwise serviced by Wells Fargo.

**1.20   "Notice of Intention to Appear and Object"** is the written communication that must be filed with the Court prior to the last day of the Opt-out/Objection Deadline by a member of the Financial Services Class, the Property Value Class, or the Former Customer Class in order to object to the approval of any portion of this Agreement.  A copy of such Notice of Intention to Appear and Object must also be sent to the Claims Administrator, Class Counsel, and Wells Fargo's Counsel at the time of filing.

**1.21   "Opt-Out/Objection Deadline"** means the date to be set by the Court in this Action for a member of either the Financial Circumstances Class, the Property Value Class, or the Former Customer Class to file a Request For Exclusion or a Notice of Intention to Appear and Object.  The deadline for filing a Request For Exclusion or a Notice of Intention to Appear and Object will be clearly set forth in the Notice and shall be no later than 21 days before the Fairness Hearing.

**1.22   "Preliminary Approval"** means the Court's certification of the Classes solely for settlement purposes, entry of an order granting preliminary approval of this Agreement, as well as

- 8 -

approval of the form and methods of dissemination of the Notice, the Notice Plan, and the Claim Form.

**1.23** **"Parties"** means collectively the Plaintiffs and Wells Fargo.

**1.24** **"Party"** means any or each of the Plaintiffs or Wells Fargo in the Actions.

**1.25** **"Person"** means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.26** **"Plaintiff" or "Plaintiffs"** means Michael Hickman, Marika Hamilton, Jeffery Yellin, Ellen Yellin, and Brendan O'Leary.

**1.27** **"Plaintiff's Steering Committee"** means David C. Parisi of Parisi Havens LLP and James Patterson of Harrison, Patterson and O'Conner, LLP.

**1.28** **"Released Claims"** means all claims (including "Unknown Claims" as defined below), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties (as defined below), or any of them, arising from the beginning of time to the date the Court grants Preliminary Approval of this Agreement, relating to Wells Fargo's HELOC treatment policies, systems, standards and procedures, including without limitation, its HELOC account restrictions, credit limit reductions, and reinstatement standards, processes and policies that were or could have been alleged in the Complaint, including those belonging to Plaintiffs and the Releasing Parties.

**1.29** **"Releasing Parties"** means the Plaintiffs and Settlement Class Members, including their present or past heirs, executors, estates, authorized users, guarantors, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers,

- 9 -

underwriters, lenders, and each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders and any other representatives of any of these Persons and entities.

1.30    **"Released Parties"** means Wells Fargo and any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, divisions, subsidiaries, associates, affiliates, representatives, employees, agents, consultants, insurers, directors, committees, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, trustees, corporations, officers, directors, other individuals or entities in which Wells Fargo Bank, N.A. has a controlling interest or which is related to or affiliated with any of them or any other representatives of any of these Persons and entities including each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, and directors.

1.31    **"Request For Exclusion"** is a timely written communication by or on behalf of a Person in the Class stating that he or she wishes to be excluded from the Class.  To be timely, any Request for Exclusion must be received by the Claims Administrator on or before the last day of the Opt-Out/Objection Deadline.

1.32    **"Settlement" or "Agreement"** means this Agreement.

1.33    **"Settlement Administration Expenses"** means the expenses incurred by the Claims Administrator in disseminating and providing Notice to and handling claims by the Class,

- 10 -

which is to be paid solely by Wells Fargo in addition to amounts to be paid or credited to Class Members under this Agreement.

**1.34** **"Settlement Benefit"** means the benefits a Settlement Class Member may receive pursuant to this Agreement.

**1.35** **"Settlement Class Member"** means a Person who falls within the definition of either the Financial Circumstances Class, the Property Value Class, or the Former Customer Class as set forth above and who has not submitted a valid Request For Exclusion.

**1.36** **"Treatment" or "Account Treatment"** means Wells Fargo's suspension of a particular HELOC account or accounts from further draws or reduction of the available credit limit. **"Restriction" "Reduction" and "Suspension"**, and their reasonable variants, shall have the same meaning when referred to HELOC accounts.

**1.37** **"Unknown Claims"** means claims that could have been raised in these Actions, and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might have affected his, her or its decision to accept this agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or

equivalent to § 1542 of the California Civil Code.  Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release or the law applicable to such claims may change, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

      **1.38**   **"Wells Fargo's Counsel"** means Mark D. Lonergan and Kalama M. Lui-Kwan of Severson & Werson.

**2.**       **REQUIRED EVENTS AND COOPERATION BY THE PARTIES**

      **2.1**   *Preliminary Approval*:  Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court for its Preliminary Approval and shall move the Court to enter a Preliminary Approval order, which by its terms shall:

      (a)       Appoint Class Counsel and the Plaintiffs as the Class Representatives;

      (b)       Certify the Classes under Federal Rule of Civil Procedure 23 for settlement purposes only and without prejudice to Wells Fargo's right to contest class certification if the Agreement is not approved;

      (c)       Preliminarily approve this Agreement for purposes of issuing Notice to the Classes;

      (d)       Approve the form and contents of the Notice and the method of its dissemination to members of the Classes; and

      (e)       Schedule the Fairness Hearing to review comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the application for an award of attorneys' fees and reimbursement of expenses and to consider whether the Court shall issue a Judgment approving this Agreement, granting Class Counsel's application for the Fee Award, and entering the Judgment dismissing the Actions with prejudice.

      **2.2**   *Final Approval:*  Class Counsel shall file a motion for final approval of the Agreement, noticed for hearing on or after the date selected by the Court for the Fairness Hearing, and request the Court to enter the Judgment.  This Agreement is expressly contingent upon the

entry of said order, that by its terms shall:

    (a)    Enter the Judgment contemplated by this Agreement finding that each Settlement Class Member has forever released and discharged each Released Party from liability for any and all Released Claims;

    (b)    Direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions;

    (c)    Find that the notice and the notice methodology implemented pursuant to the Agreement constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court;

    (d)    Find that Class Counsel and the Class Representatives adequately represented the Class for purposes of entering into and implementing the Agreement;

    (e)    Set the Fee Award to Class Counsel and incentive award to the Class Representatives; and

    (f)    Without affecting the finality of the Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Agreement and the Judgment and for any other necessary purpose.

**2.3**    *Filing of Complaint*:  The Parties agree that at the time of Preliminary Approval, Plaintiff shall seek leave of Court to file a Consolidated Amended Class Action Complaint substantially in the form attached hereto as Exhibit 2.

**2.4**    *Cooperation*:  The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court.

**2.5**    *Certification of Classes*:  For settlement purposes only, and notwithstanding and without prejudice to Wells Fargo's positions and arguments in the Litigation, Wells Fargo and the Class Representatives stipulate to the certification of the Classes.  This Agreement is expressly

- 13 -

1  contingent upon the Court certifying the Classes, or some other class or classes agreeable to both

2  Parties for the purposes of settlement only.  Should the Effective Date not occur, the order

3  certifying the Classes will be null and void, the Parties and the case shall be restored to the status

4  quo ante, and the Parties may not cite or otherwise use this Agreement for any purpose related to

5  class certification in this Litigation or any other action.

6  **3.     SETTLEMENT BENEFITS**

7      **3.1**   *Relief Available to All Settlement Class Members.*

8          a.    <u>Notice of Right to Seek Reinstatement</u>:  Together with the Notice of Class

9  Action Settlement to be sent to Settlement Class Members, as set forth in Section 5 below, Wells

10 Fargo shall send all class members a Notice of Right to Seek Reinstatement, which shall include

11 language notifying class members of their right to request reinstatement of their suspended or

12 restricted HELOC accounts.  The Notice of Right to Request Reinstatement shall advise

13 Settlement Class Members that Wells Fargo's policies for reinstatement of HELOC accounts may

14 be different from the criteria for suspending or reducing accounts which were in effect at the time

15 their HELOC accounts were initially treated, and that customers have the right to request

16 reinstatement under the currently applicable policies and procedures.

17         b.    <u>Proactive Account Reinstatement Reviews</u>.  For a period of twelve months

18 following Final Approval, Wells Fargo agrees that, for Settlement Class Members whose

19 HELOCs were closed to new advances or reduced based upon either a material adverse change in

20 financial circumstances or a decline in the equity cushion caused by a decline in the value of the

21 property securing the HELOC, Wells Fargo will agree to proactively consider borrowers for

22 reinstatement of said HELOCs.  Wells Fargo agrees to conduct 4 rounds of such proactive

23 reinstatements during the 12-month period.

24         c.    <u>Limitation on Use of AVMs</u>.  For a period of twelve months following

25 Final Approval, Wells Fargo agrees to not use an Automated Valuation Model ("AVM") to value

26 its borrowers' homes serving as security for their respective HELOCs that is older than 90 days in

27 connection with any decision to restrict HELOCs.

28

- 14 -

        d.     <u>Service Assurances</u>.  For a period of twelve months following Final Approval, Wells Fargo agrees not to make any material changes to its existing policies and procedures for restricting HELOCs based upon either a material adverse change in financial circumstances or a decline in the equity cushion caused by a decline in the value of the property securing the HELOC, unless such changes are beneficial to borrowers.  In addition, for a period of twelve months, Wells Fargo agrees not to make any material changes to its existing policies and procedures for reinstating borrowers whose HELOCs were restricted based upon either a material adverse change in financial circumstances or a decline in the equity cushion caused by a decline in the value of the property securing the HELOC, whether reinstatement is considered proactively or based upon the borrower's request, unless such changes are beneficial to borrowers.

        e.     <u>Enhanced Property Value Notices</u>.  For a period of twelve months following Final Approval, when borrowers whose accounts were restricted based upon a decline in the equity cushion caused by a decline in the value of the property securing the HELOC request additional information about the restriction or reinstatement of their accounts, Wells Fargo will send such borrowers a letter substantially in the form attached as Exhibit 3.  In addition, Wells Fargo will modify the letter which it uses to notify such borrowers that their HELOCs have been restricted to specifically disclose the borrowers' ability to request such additional information.

**3.2**     Notwithstanding its agreement to the business practices set forth in Section 3.1 above, nothing in this Agreement shall be construed to preclude Wells Fargo from changing the factors it considers or the manner in which it analyzes the risk of default on HELOC accounts, or in determining whether there has been a significant decline in the equity cushion, provided that Wells Fargo continues to comply with its current written policies and procedures and applicable law.

**3.3**     *Benefits Specific to Former Customers*.  Former customers who submit completed Claim Forms verifying that the customer closed his or her HELOC account in response to Wells Fargo's Treatment of the account based upon a material adverse change in financial circumstances or a significant decline in the value of the property securing the HELOC and who paid a Deferred

Origination Fee shall be entitled to a set cash award equal to $150.00.  A copy of the proposed Claim Form is attached to this Agreement as Exhibit 1.  Each cash payment issued to a Settlement Class Member will be issued via check and will state on the face of the check that the check will expire and become null and void, and the Settlement Class Member shall have forfeited his or her claim and right to payment, unless cashed within 90 days of the date of issuance.  To the extent that a check issued to a Settlement Class Member is not cashed within 90 days of the date of issuance, such funds thereafter shall revert to Wells Fargo.

**4.      THE RELEASE**

     **4.1**      The obligations incurred pursuant to this Agreement shall be a full and final disposition of the Actions and any and all Released Claims as against all Released Parties.

     **4.2**      Upon the Effective Date, Plaintiffs, and every Settlement Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

**5.      NOTICE**

     **5.1**      Upon entry of the Order granting Preliminary Approval of this Agreement, Wells Fargo shall give Notice or cause Notice to be given to all potential Settlement Class Members. The Notice shall be effectuated pursuant to the Notice plan described below

     **5.2**      The Notice plan shall include:

         (a)      <u>Internet Publication</u>:  Within seven days of entry of the Order granting Preliminary Approval of the Agreement, traditional "long form" notice shall be provided on the settlement website, at a domain name to be mutually agreed upon by the Parties, to be administered by the Claims Administrator substantially in the form attached as Exhibit 4.  Notice by Internet publication shall include the ability of former customers to download Claim Forms via the settlement website.

         (b)      <u>Direct Notice</u>:  Within 30 days of entry of the Order granting Preliminary Approval of the Agreement, Wells Fargo shall send or cause Notice to be sent to Settlement Class Members via U.S. Mail to the last-known address in Wells Fargo's records.  The Direct Notice,

- 16 -

mailing, attached as Exhibit 5, will include language notifying customers of their right to request reinstatement as wells as claim forms for former customers who seek to obtain a settlement benefit.

              (c)    <u>Notice under Class Action Fairness Act</u>.  To the extent applicable, Wells Fargo shall cause notice of the Agreement, together with all required documents, to be sent to the appropriate federal and state governmental authorities in accordance with the Class Action Fairness Act.

    **5.3**    No later than 14 days before the Final Fairness Hearing, Wells Fargo and/or the Claims Administrator will provide affidavits to Class Counsel verifying that Wells Fargo caused notice to be sent to the Settlement Class Members in accordance with this Agreement, as approved by the Court.

    **5.4**    The Notice to the Class will be commenced within seven days, and completed within 90 days, after the Order granting Preliminary Approval is entered.

**6.**    **OPT-OUTS AND OBJECTIONS**

    **6.1**    Any Person in the Classes may request to be excluded from the Class at any time within the Opt-Out/Objection Deadline, by complying with the procedures for doing so as set forth in the Court-approved Notice.  In order to exercise the right to opt-out and be excluded from the Class, the Person seeking to do so must complete and return a Request For Exclusion by the Opt-Out/Objection Deadline to the Claims Administrator.  Requests for Exclusion filed or post-marked after the Opt-Out/Objection Deadline will be considered invalid and of no effect, and the Person who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any Orders entered by the Court (including a Judgment approving the Agreement and implementing the Release contemplated thereby).  All Settlement Class Members (exclusive of customers who submit a valid request for exclusion) will be bound by this Agreement and the Judgment, including the Release herein contained.  Any Person who timely and properly submits a Request for Exclusion shall not:  (i) be bound by any orders or Judgment entered in this Litigation nor by the Release herein contained; (ii) be entitled to any Settlement Benefit under this Agreement; (iii) gain any rights by virtue of this Agreement; and (iv) be entitled to object to any

aspect of this Agreement, or this Litigation. Each Person requesting exclusion from the Class must personally sign his or her own individual Request For Exclusion. No Person may opt-out from the Settlement Classes any other person or be opted-out by any other person, and no Person shall be deemed opted-out of the Settlement Classes through any purported "mass" or "class" opt-outs.

6.2     Any Settlement Class Member who intends to object to this Agreement must file with the Court by the Opt-Out/Objection Deadline, either *pro se* or through counsel hired at the Settlement Class Member's own expense, a Notice of Intent to Appear and Object that includes his/her personal signature, his or her full name and address, and all arguments, citations, and evidence supporting the objection, states that he or she is a Settlement Class Member, and provides a statement whether the objector intends to appear at the Fairness Hearing, either with or without counsel. A copy of such appearance and Notice of Intention to Appear and Object must also be sent to the Claims Administrator, Class Counsel, and Wells Fargo's Counsel at the time of filing. Objections must be filed and postmarked by the Opt-Out/Objection Deadline. No Settlement Class Member shall be heard and no papers, briefs or pleadings submitted by such Settlement Class Member shall be received and considered by the Court unless the Court receives the Settlement Class Member's properly completed and signed statement of objection and Notice of Intent to Appear and Object by the Opt-Out/Objection Deadline. Any Settlement Class Member who fails to timely or properly file an appearance and written objection and Notice of Intent to Appear and Object shall be deemed to have waived his or her objections and be forever barred from making any such objections in this Action, the Related Actions, any appeal or in any other action or proceeding.

6.3     In the event that the number of class members submitting a valid request for exclusion exceeds 150, Wells Fargo shall have the option of terminating this Settlement Agreement, but shall not be obligated to do so. Any decision by Wells Fargo to terminate the settlement based upon this provision shall be communicated to Class Counsel, in writing, within ten days of the Opt-Out/Objection Deadline. In the event that Wells Fargo exercises this right, the

- 18 -

settlement shall become null and void for all purposes, the Parties and the cases shall be returned to the status quo ante, and neither this Settlement Agreement nor the Parties' willingness to enter into the settlement shall be used or referred to for any purpose.

**7.      CLAIMS PROCESS & SETTLEMENT ADMINISTRATION**

**7.1**    *Claims Administrator's Duties*.  The Claims Administrator shall (under the supervision of the Court) administer the relief provided by this Agreement by erecting the settlement website, disseminating the Settlement Notice, and processing Claim Forms in a rational, responsive, cost effective and timely manner.  The Claims Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Claims Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Wells Fargo's Counsel upon request.  The Claims Administrator shall also provide reports and other information to the Court as the Court may require.  The Claims Administrator shall provide Class Counsel and Wells Fargo's Counsel with information concerning Notice, administration, claims processing, and implementation of the Agreement.  Should the Court request, the Parties, in conjunction with the Claims Administrator, shall submit a timely report to the Court summarizing the work performed by the Claims Administrator, including a report of all amounts paid to Settlement Class Members on account of Approved Claims.  Without limiting the foregoing, the Claims Administrator shall:

(a)      Receive Requests for Exclusion from Persons seeking to exclude themselves from any of the Settlement Classes and provide to Class Counsel and Wells Fargo's Counsel a copy thereof within three days of the Opt-Out/Objection Deadline.  If the Claims Administrator receives any exclusion forms or other requests from Plaintiffs after the Opt-Out/Objection Deadline, the Claims Administrator shall promptly provide copies thereof to Class Counsel and Wells Fargo's Counsel.

(b)      Provide reports to Class Counsel and Wells Fargo's Counsel on a reasonable basis which include without limitation, the number of Claim Forms received, the

- 19 -

number of Approved Claims, and the categorization and description of Claim Forms approved and rejected by the Claims Administrator.

(c)     Make available for inspection by Class Counsel and Wells Fargo's Counsel the Claim Forms and any supporting documentation received by the Claims Administrator at any time upon reasonable notice.

**7.2**     *Review of Claim Forms.*  The Claims Administrator may reject materially incomplete Claim Forms, and may reject a Claim Form where there is evidence of abuse or fraud. Wells Fargo's Counsel and Class Counsel shall have the right to, exercising good faith, challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and such challenges will be timely decided through a meet and confer of the Parties.  If the Parties are unable to reach agreement as to a particular claim, the Parties will submit their disagreement to the Court.

**7.3**     *Requests for Additional Information.*  In the exercise of its duties outlined in this Agreement, the Claims Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 8.     SETTLEMENT PAYMENTS

**8.1**     *Payment of Settlement Benefits.*  Within 30 days after the Effective Date, or such other date as the Court may set, the Claims Administrator shall pay all Approved Claims by check and mail them to approved Claimants via first-class U.S. mail.  Any monies remaining from settlement checks that are not cashed within 90 days of issuance shall revert to Wells Fargo.

**8.2**     On and after the Effective Date, Wells Fargo shall be solely responsible for ensuring that the Claims Administrator at all times has adequate funds to pay Approved Claims from the Agreement.

## 9.     TERMINATION OF AGREEMENT

**9.1**     Plaintiffs, on behalf of the Classes, or Wells Fargo, shall have the right to terminate this Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within 30 days of:  (i) the Court's declining to enter an Order granting

- 20 -

Preliminary Approval in any material respect; (ii) the Court's refusal to approve this Agreement; (iii) the Court's declining to enter the Judgment in any respect; or (iv) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**10.    CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

**10.1**    Wells Fargo has agreed to pay Class Counsel, subject to Court approval, an amount up to $1,470,000.00 in attorneys' fees and reimbursement of costs.  Wells Fargo will not object to or otherwise challenge Class Counsel's application for reasonable attorneys' fees and for reimbursement of costs and other expenses if limited to the above amount.  Class Counsel has, in turn, agreed not to seek more than above amount from the Court.

**10.2**    Wells Fargo shall pay (by wire) to Class Counsel the Fee Award approved by the Court within seven days after the Effective Date.

**10.3**    In addition to any award under the Agreement, and in recognition of their efforts on behalf of the Class, Michael Hickman, Marika Hamilton, Jeffery and Ellen Yellin, and Brendan O'Leary shall, subject to Court approval, receive an incentive award of the sum of $30,000.00 collectively to be divided in five (5) equal parts to the Plaintiffs, Mr. Hickman (20%) Ms. Hamilton (20%), Mr. Yellin (20%), Ms. Yellin (20%) and Mr. O'Leary (20%) as appropriate compensation for their time and effort serving as the class representatives in this Litigation.  Wells Fargo will not object to or otherwise challenge any request to the Court for such amount.  Class Counsel has, in turn, agreed not to seek more than above amount from the Court on behalf of the Class Representatives.  Wells Fargo shall pay such amounts by check within seven days of the Effective Date, to be paid to each Plaintiff, in care of Class Counsel.

**11.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**11.1**    If the Court does not approve this Agreement, or the Agreement is terminated or fails to become effective in accordance with its terms, this Agreement shall be terminated, unless

- 21 -

Plaintiff, Wells Fargo, Class Counsel, and Wells Fargo's Counsel have full knowledge of such defect(s) and with such knowledge mutually agree in writing to proceed with the Agreement. If any of the Parties are in material breach of the terms of this Agreement, any of the opposing Parties, provided that they are in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties.

**11.2** If this Agreement is terminated or fails to become Final for any of the reasons set forth above, the Parties shall be restored to their respective positions in their respective Actions as of the date of signing this Agreement. In such event, the Judgment granted by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

**11.3** Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel set forth in Section 10.1 or the incentive awards to the Plaintiffs set forth in Section 10.3 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. In the event that the Court declines to award attorneys' fees, costs or incentive payments in the amounts sought by Plaintiffs and Class Counsel, or at all, the remaining provisions of this Settlement Agreement shall remain in full force and effect.

## 12.    MISCELLANEOUS PROVISIONS

**12.1** The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.

**12.2** The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand.

**12.3** Whether or not the Effective Date occurs or this Agreement is terminated, neither this Agreement, nor any act performed or document executed pursuant to or in furtherance thereof:

- 22 -

      (a)   Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

      (b)   Is, may be deemed, or shall be used, offered or received against Wells Fargo, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

      (c)   Is, may be deemed, or shall be used, offered or received against Plaintiff or the Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Actions, the truth or falsity of any fact alleged by Wells Fargo, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

      (d)   Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim in this Action;

      (e)   Is, may be deemed, or shall be construed against Plaintiffs and the Classes, or each or any of them, or against the Released Parties, or each or any of them, as an admission or

1    concession that the consideration to be given hereunder represents an amount equal to, less than or

2    greater than that amount that could have or would have been recovered after trial; and

3               (f)   Is, may be deemed, or shall be construed as or received in evidence as an

4    admission or concession against Plaintiffs and the Classes, or each and any of them, or against the

5    Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or

6    that damages recoverable in the Actions would have exceeded or would have been less than any

7    particular amount.

8         **12.4**    The headings used herein are used for the purpose of convenience only and are not

9    meant to have legal effect.

10        **12.5**    The waiver by one Party of any breach of this Agreement by any other Party shall

11   not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

12        **12.6**    All of the Exhibits to this Agreement are material and integral parts thereof and are

13   fully incorporated herein by this reference.

14        **12.7**    This Agreement and its Exhibits set forth the entire agreement and understanding

15   of the Parties with respect to the matters set forth herein, and supersede all prior negotiations,

16   agreements, arrangements and undertakings with respect to the matters set forth herein.  No

17   representations, warranties or inducements have been made to any Party concerning this

18   Agreement or its Exhibits other than the representations, warranties and covenants contained and

19   memorialized in such documents.  This Agreement may be amended or modified only by a written

20   instrument signed by or on behalf of all the Parties or their respective successors-in-interest.

21        **12.8**    Except as otherwise provided in this Agreement, no Party nor any attorney for a

22   Party shall disclose, disseminate or publicize, by press release, posting on the Internet, e-mail, or

23   any other means any information about this settlement, this Agreement, or any of its terms.  Upon

24   unsolicited inquiry, the Parties may only inform others that a mutually satisfactory settlement has

25   been reached.  Notwithstanding the foregoing, this Agreement or its terms may be disclosed to the

26   extent required to (a) obtain court approval for dismissal of the Actions, and/or any one of the

27   Actions, (b) respond to an order, inquiry, or subpoena issued by a court, government, or

28

- 24 -

administrative agency, (c) obtain appropriate legal, tax or financial advice from a party's own professionals, (d) report income or expense to appropriate tax authorities, (e) make required reports to shareholders or regulatory agencies, (f) enforce this Agreement, or (g) respond to subsequent litigation, claims, or bring any motion for good faith settlement if necessary.  It is expressly understood and agreed that nothing in this section or any other provision of this Agreement shall impede in any way the ability of Class Counsel to advise, advocate on behalf of, or otherwise counsel any member or potential member of any of the Classes.  Plaintiffs and Wells Fargo further agree that they will not in any way disparage each other or each other's organizations, operations, and/or personnel in any of their contacts with the media.

12.9    If either Party receives any media inquiries with respect to this Agreement or any of the related Actions, they will notify the opposing Party's counsel within a reasonable time regarding the name of the media entity making the contact.  The Parties and their counsel agree that they will support the settlement contemplated by this Agreement in all public statements, including statements in Court and in any statements to the media.  The Parties agree that they shall otherwise not make a public statement about or otherwise publicize – including a press release, release on the internet, or discussion with the media – the Agreement without the other Party's prior review and approval of the communication points to be used.  The parties agree not to initiate contact with the media with regard to this settlement.  However, to the extent a news report is published, this Agreement will not prohibit the Parties from linking any such report to their website.

12.10   Except as otherwise provided herein, each Party shall bear its own costs.

12.11   Each counsel or other Person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so, that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms, and that none of their claims or rights under this Settlement Agreement have been assigned to any other person

- 25 -

**12.12**   This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts.  A complete set of original executed counterparts shall be filed with the Court upon request.

**12.13**   This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**12.14**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing this Agreement.

**12.15**   This Agreement and the Exhibits hereto shall be considered to have been negotiated, executed, delivered, and wholly performed in the State of California, and the rights and obligations of the Parties to this Agreement shall be construed and enforced in accordance with and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

**12.16**   This Agreement and the Exhibits thereto are deemed to have been prepared by counsel for all Parties, as a result of negotiations among the Parties with the assistance of a neutral mediator.  Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

//
//
//
//
//
//
//
//
//

Settlement Agreement                                                                 Case No. 09-cv-04152

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: November ___, 2011          By:_____

                                   Jay Edelson
                                   Edelson McGuire LLC
                                   350 North LaSalle, Suite 1300
                                   Chicago, IL 60654

                                   Counsel for Plaintiffs and the Putative Classes

Dated: November ___, 2011          By:_____

                                   Marika Hamilton, individually and on behalf
                                   of the Financial Circumstances Class

Dated: November ___, 2011          By:_____

                                   Michael Hickman, individually and on behalf
                                   of the Property Value Class

Dated: November ___, 2011          By:_____

                                   Jeffrey and Ellen Yellin, individually and on
                                   behalf of the Property Value Class

Dated: November ___, 2011          By:_____

                                   Brendan O'Leary, individually and on
                                   behalf of the Property Value Class

Dated: November ___, 2011          By:_____

                                   Mark D. Lonergan
                                   Severson & Werson
                                   A Professional Corporation
                                   One Embarcadero Center, Ste. 2600
                                   San Francisco, California 94111

                                   Counsel for Wells Fargo Bank, N.A.

Dated: November ___, 2011          By:_____

                                   On behalf of Wells Fargo Bank, N.A.

- 27 -

1    IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed

2  individually or by their duly authorized attorneys.

3

4  Dated: November ____, 2011          By: _____

5                                 Jay Edelson

                                 Edelson McGuire LLC

6                                 350 North LaSalle, Suite 1300

                                 Chicago, IL 60654

7                                 Counsel for Plaintiffs and the Putative Classes

8  Dated: November ____, 2011          By:_____

9                                 Marika Hamilton, individually and on behalf

10                                of the Financial Circumstances Class

11  Dated: November ____, 2011        By:_____

12                                Michael Hickman, individually and on behalf

                                of the Property Value Class

13

14  Dated: November ____, 2011        By:_____

15                                Jeffrey and Ellen Yellin, individually and on

                                behalf of the Property Value Class

16

17  Dated: November ____, 2011        By:_____

18                                Brendan O'Leary, individually and on

                                behalf of the Property Value Class

19

20  Dated: November ____, 2011        By:_____

21                                  Mark D. Lonergan

                                Severson & Werson

22                                A Professional Corporation

                                One Embarcadero Center, Ste. 2600

23                                San Francisco, California 94111

24                                Counsel for Wells Fargo Bank, N.A.

25  Dated: November ____, 2011        By:_____

26                                On behalf of Wells Fargo Bank, N.A.

27

28

- 27 -

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: November ____, 2011               By:_____

                                                 Jay Edelson
                                                 Edelson McGuire LLC
                                                 350 North LaSalle, Suite 1300
                                                 Chicago, IL 60654

                                                 Counsel for Plaintiffs and the Putative Classes

Dated: November 28, 2011               By:_____

                                                 Marika Hamilton, individually and on behalf of the Financial Circumstances Class

Dated: November ____, 2011               By:_____

                                                 Michael Hickman, individually and on behalf of the Property Value Class

Dated: November ____, 2011               By:_____

                                                 Jeffrey and Ellen Yellin, individually and on behalf of the Property Value Class

Dated: November ____, 2011               By:_____

                                                 Brendan O'Leary, individually and on behalf of the Property Value Class

Dated: November ____, 2011               By:_____

                                                 Mark D. Lonergan
                                                 Severson & Werson
                                                 A Professional Corporation
                                                 One Embarcadero Center, Ste. 2600
                                                 San Francisco, California 94111

                                                 Counsel for Wells Fargo Bank, N.A.

Dated: November ____, 2011               By:_____

                                                 On behalf of Wells Fargo Bank, N.A.

- 27 -

1    IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed

2   individually or by their duly authorized attorneys.

3

4   Dated: November ___, 2011          By:_____

5                                      Jay Edelson
                                       Edelson McGuire LLC
6                                      350 North LaSalle, Suite 1300
                                       Chicago, IL 60654

7                                      Counsel for Plaintiffs and the Putative Classes

8   Dated: November ___, 2011          By:_____

9                                      Marika Hamilton, individually and on behalf
                                       of the Financial Circumstances Class
10
    Dated: November 23, 2011           By:_____
11
                                       Michael Hickman, individually and on behalf
12                                     of the Property Value Class

13
    Dated: November ___, 2011          By:_____
14
                                       Jeffrey and Ellen Yellin, individually and on
15                                     behalf of the Property Value Class

16
    Dated: November ___, 2011          By:_____
17
                                       Brendan O'Leary, individually and on
18                                     behalf of the Property Value Class

19
    Dated: November ___, 2011          By:_____
20
                                       Mark D. Lonergan
21                                     Severson & Werson
                                       A Professional Corporation
22                                     One Embarcadero Center, Ste. 2600
                                       San Francisco, California 94111
23
                                       Counsel for Wells Fargo Bank, N.A.
24

25  Dated: November ___, 2011          By:_____

26                                     On behalf of Wells Fargo Bank, N.A.

27

28
                                     - 27 -

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: November ___, 2011   By:_____

         Jay Edelson
         Edelson McGuire LLC
         350 North LaSalle, Suite 1300
         Chicago, IL 60654

         Counsel for Plaintiffs and the Putative Classes

Dated: November ___, 2011   By:_____

         Marika Hamilton, individually and on behalf
         of the Financial Circumstances Class

Dated: November ___, 2011   By:_____

         Michael Hickman, individually and on behalf
         of the Property Value Class

         By:_____

Dated: November 28, 2011   By:_____

         Jeffrey and Ellen Yellin, individually and on
         behalf of the Property Value Class

Dated: November ___, 2011   By:_____

         Brendan O'Leary, individually and on
         behalf of the Property Value Class

Dated: November ___, 2011   By:_____

         Mark D. Lonergan
         Severson & Werson
         A Professional Corporation
         One Embarcadero Center, Ste. 2600
         San Francisco, California 94111

         Counsel for Wells Fargo Bank, N.A.

Dated: November ___, 2011   By:_____

         On behalf of Wells Fargo Bank, N.A.

- 27 -

1    IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed

2    individually or by their duly authorized attorneys.

3

4    Dated: November ___, 2011          By:_____

5                                      Jay Edelson
                                       Edelson McGuire LLC
6                                      350 North LaSalle, Suite 1300
                                       Chicago, IL 60654

7                                      Counsel for Plaintiffs and the Putative Classes

8    Dated: November ___, 2011          By:_____

9                                      Marika Hamilton, individually and on behalf
                                       of the Financial Circumstances Class
10

11   Dated: November ___, 2011          By:_____

12                                     Michael Hickman, individually and on behalf
                                       of the Property Value Class
13

14   Dated: November ___, 2011          By:_____

15                                     Jeffrey and Ellen Yellin, individually and on
                                       behalf of the Property Value Class
16

17   Dated: November 28, 2011          By:_*Brendan O'Leary*_

18                                     Brendan O'Leary, individually and on
                                       behalf of the Property Value Class
19

20   Dated: November ___, 2011          By:_____

21                                     Mark D. Lonergan
                                       Severson & Werson
22                                     A Professional Corporation
                                       One Embarcadero Center, Ste. 2600
23                                     San Francisco, California 94111

24                                     Counsel for Wells Fargo Bank, N.A.

1        IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed

2  individually or by their duly authorized attorneys.

3

4  Dated: November ____, 2011       By:_____

5                             Jay Edelson
                               Edelson McGuire LLC

6                             350 North LaSalle, Suite 1300
                             Chicago, IL 60654

7                             Counsel for Plaintiffs and the Putative Classes

8  Dated: November ____, 2011       By:_____

9                             Marika Hamilton, individually and on behalf
                             of the Financial Circumstances Class

10

11  Dated: November ____, 2011      By:_____

12                            Michael Hickman, individually and on behalf
                             of the Property Value Class

13

14  Dated: November ____, 2011      By:_____

15                             Jeffrey and Ellen Yellin, individually and on
                             behalf of the Property Value Class

16

17  Dated: November ____, 2011      By:_____

18                             Brendan O'Leary, individually and on
                             behalf of the Property Value Class

19

20  Dated: ~~November~~ ____, 2011     By: *Mark D. Lonergan/KML*
          *December 5, 2011*

21                             Mark D. Lonergan
                             Severson & Werson

22                             A Professional Corporation
                             One Embarcadero Center, Ste. 2600

23                             San Francisco, California 94111

24                             Counsel for Wells Fargo Bank, N.A.

25  Dated: November ____, 2011      By:_____

26                             On behalf of Wells Fargo Bank, N.A.

27

28

- 27 -

Settlement Agreement                                    Case No. 09-cv-04152

1    IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed

2   individually or by their duly authorized attorneys.

3

4   Dated: November ___, 2011          By:_____

5                                          Jay Edelson
                                           Edelson McGuire LLC
6                                          350 North LaSalle, Suite 1300
                                           Chicago, IL 60654
7
                                           Counsel for Plaintiffs and the Putative Classes
8   Dated: November ___, 2011          By:_____

9                                          Marika Hamilton, individually and on behalf
                                           of the Financial Circumstances Class
10
    Dated: November ___, 2011          By:_____
11
                                           Michael Hickman, individually and on behalf
12                                         of the Property Value Class

13
    Dated: November ___, 2011          By:_____
14
                                           Jeffrey and Ellen Yellin, individually and on
15                                         behalf of the Property Value Class

16
    Dated: November ___, 2011          By:_____
17
                                           Brendan O'Leary, individually and on
18                                         behalf of the Property Value Class

19
    Dated: November ___, 2011          By:_____
20
                                           Mark D. Lonergan
21                                         Severson & Werson
                                           A Professional Corporation
22                                         One Embarcadero Center, Ste. 2600
                                           San Francisco, California 94111
23
                                           Counsel for Wells Fargo Bank, N.A.
24

25   Dated: ~~November~~ ___, 2011      By:_____ *Dea Moss* _____

26       December 5, 2011                  On behalf of Wells Fargo Bank, N.A.

27        ( ok km )

28
                                        - 27 -