# Exhibit A-4

***NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT***

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

*Marika Hamilton v. Wells Fargo Bank, N.A.*
Case No. 4:09-CV-04152 CW

>>**Click Here to Read the Notice of Right to Request Reinstatement**<<
>> **Click Here For the Claim Form**<<
(Former customers must submit a Claim Form by [deadline] to obtain Settlement Benefits)
>>**Click Here to Download a Copy of the Class Action Settlement Agreement**<<

**IF WELLS FARGO SUSPENDED OR REDUCED YOUR HOME EQUITY LINE OF CREDIT ("HELOC") YOU MAY BE ENTITLED TO BENEFITS FROM A CLASS ACTION SETTLEMENT**

The United States District Court for the Northern District of California authorized this Notice.  This is <u>not</u> a solicitation from a lawyer or a lawsuit against you.

You need not live in California to participate.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT CLAIM FORM | This is the only way to get a benefit for Former Customers.  If you elect to receive a benefit, you will give up certain rights as explained below. |
| EXCLUDE YOURSELF | You will receive no benefits but you will retain any rights you might have to file a lawsuit against Wells Fargo relating to its policies and/or practices of suspending or reducing HELOCs based upon either a material adverse change in financial circumstance or a significant decline in property value. |
| OBJECT | Write to the Court about the reasons that you are against the Settlement. |
| ATTEND A HEARING | Request that you be allowed to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Current Wells Fargo HELOC customers need not do anything to obtain the settlement benefits for Current Customers.  If you elect to do nothing, you will give up certain rights, as explained below.  Former Customers will receive no benefit if they do nothing. |

- **These rights and options—and the deadlines to exercise them—are explained in this notice.**
- **The Court in charge of this case still has to decide whether to give final approval to the Settlement.  If it does, and after any appeals are resolved, the benefits to Former Customers discussed in this notice will be distributed to those who have submitted valid Claim Forms and the benefits to Current Customers will go into effect.  Please be patient.**

**BASIC INFORMATION**

### 1. What was this Notice issued?

A Court authorized this Notice to inform you of the settlement of a class action lawsuit against *Wells Fargo Bank, N.A.* ("Defendant") pending in the United States District Court for the Northern District of California. The Court on [INSERT DATE] granted preliminary approval of the Settlement and has certified the Class defined more fully in this Notice, subject to a fairness hearing, which will take place on [date] at [time] in the United States Courthouse, Courtroom 2 – 4th Floor, 1301 Clay Street, Oakland California 94612 to determine if the settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for an award of attorneys' fees and expenses, and incentive payments to the Class Representatives.

This Notice explains the nature of the class action lawsuit and the terms of the Settlement and informs you of your legal rights and obligations. By agreeing to the Settlement, the Defendant is not admitting it is liable to the Class, or anyone else, or that it violated any law or regulation.

You have options, which are explained below.

### 2. Who is the Defendant?

Wells Fargo is a national banking association that, in addition to offering other banking services, provides HELOCs to borrowers. This Settlement includes Wells Fargo Bank, N.A., on behalf of itself and as successor in interest to Golden West, Wachovia, and Wells Fargo Financial (collectively, "Wells Fargo").

### 3. What Is The Lawsuit About?

Plaintiff Hamilton brought a class action lawsuit in the United States District Court for the Northern District of California on behalf of a proposed class of HELOC borrowers, alleging, among other matters, that Wells Fargo improperly suspended her HELOC based on a claim, which she contends was false, that her financial circumstances had deteriorated. Plaintiff Michael Hickman brought a class action lawsuit in the United States District Court for the Northern District of Illinois, Case No. 1:09-cv-5090, Plaintiffs Jeff and Ellen Yellin brought a class action lawsuit that was removed to the United States District Court for the Northern District of California, Case No. 4:10-cv-2665, and Plaintiff Brendan O'Leary brought a class action lawsuit in the United States District Court for the Eastern District of California, Case No. 2:10-cv-01913-MCE-GGH. In their lawsuits, Plaintiffs Hickman, the Yellins and O'Leary all alleged that Wells Fargo suspended their respective HELOCs based on claims, which they contend were false, that their homes had significantly decline in value.

Wells Fargo denies that it or any other released party violated any law. The Court has not determined who was right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses that will result from further litigation. This notice is not an admission of wrongdoing by any party.

You do not need to live in California to receive a benefit under the proposed Settlement if you are eligible.

**4. Who Is In The Classes?**

You are a member of the Financial Circumstances class if you were a Person in the United States from January 1, 2008 to June 30, 2011 whose Wells Fargo HELOC account was suspended or reduced by Wells Fargo based on a claim by Wells Fargo that your financial circumstances had experienced an adverse material change to justify the suspension or reduction.

You are a member of the Property Value Class if you were a Person in the United States from July 1, 2008 to June 30, 2011 whose Wells Fargo HELOC account was suspended or reduced based on a claim by Wells Fargo that the value of the property securing the HELOC (i.e., your home) had experienced a significant decline in value to justify the suspension or reduction.

You are a member of the Former Customer Class if you were a Person in the United States from January 1, 2008 to June 30, 2011 who (i) closed his or her HELOC account following a suspension or reduction of the account by Wells Fargo based upon a claim by Wells Fargo that there was either a material adverse change in your financial circumstances, or a significant decline in the value of the property securing the HELOC, and (ii) incurred a Deferred Origination Fee from Wells Fargo as a result of the closure.

You cannot participate in the Settlement if you are:  Wells Fargo; the Claims Administrator; any corporate parent, subsidiary, and affiliate of Wells Fargo; any judge presiding over this case or over any of the actions which comprise the Actions; or the immediate family members of any such person(s).

**5. What Relief Is Provided To Settlement Class Members Under The Settlement?**

**A.     Notice of Right to Seek Reinstatement:**  The Settlement requires that Wells Fargo send each Settlement Class Member a Notice of Right to Seek Reinstatement.  The Notice of Right to Request Reinstatement shall advise Settlement Class Members that Wells Fargo's policies for reinstatement of HELOC accounts may be different from the criteria which were in effect at the time their HELOC accounts were initially treated, and that customers have the right to request reinstatement under the currently applicable policies and procedures.

**B.     Proactive Account Reinstatement Reviews**.  For a period of twelve months following Final Approval, Wells Fargo agrees that, for Settlement Class Members whose HELOCs were suspended or reduced based upon either a claimed material adverse change in financial circumstances or a supposed decline in the value of the property securing the HELOC, Wells Fargo agrees to proactively consider such borrowers for reinstatement.  Wells Fargo agrees to conduct 4 rounds of such proactive account reinstatements during the 12-month period.

**C.     Limitation on Use of AVMs**.  For a period of twelve months following Final Approval, Wells Fargo agrees to not use an Automated Valuation Model ("AVM") to value its borrowers' homes serving as security for their respective HELOCs that is older than 90 days in connection with any decision to suspend or reduce HELOCs.

**D.     Service Assurances**.  For a period of twelve months following Final Approval, Wells Fargo agrees not to make any material changes to its existing policies and procedures for suspending or reducing HELOCs based upon either a material adverse change in financial circumstances or a decline in the value of the property securing the HELOC, unless such changes are beneficial to borrowers.  In addition, for a period of twelve months, Wells Fargo agrees not to make any material changes to its existing policies and procedures for reinstating borrowers whose HELOCs were restricted based upon either a material adverse change in financial circumstances or a decline in the value of the property securing the HELOC, whether reinstatement is considered proactively or based upon the borrower's request, unless such changes are beneficial to borrowers.

**E.     Enhanced Property Value Notices.**  For a period of twelve months following Final Approval, when borrowers whose accounts were suspended or reduced based upon a decline in the value of the property securing the HELOC request additional information about the suspension, reduction or reinstatement of their accounts, Wells Fargo will send such borrowers a letter that provides information that borrowers need to determine whether to apply for reinstatement.

**F.     Benefits Specific to Former Customers**.  Former customers who submit completed Claim Forms verifying (i) that the customer closed his or her HELOC account in response to Wells Fargo's suspension or reduction of the account based upon a material adverse change in financial circumstances or a significant decline in the value of the property securing the HELOC and (ii) that the customer incurred a Deferred Origination Fee from Wells Fargo after closing the account shall be entitled to a set cash award equal to $150.00.  Checks must be cashed within 90 days.

### 6. What Are My Legal Rights?

*How Do I Submit an Online Claim Form or Registration by Mail Form for Benefits?*

You are part of one or more of the Classes if you meet the definitions in Section 4 above.

If you are a member of the Financial Circumstances Class or the Property Value Class and are a current HELOC customer, you do not need to do anything to receive settlement benefits.

If you are a member of the Former Customer Class, to receive settlement benefits you must properly and timely submit a Claim Form as described below.

**The Claim Form must be postmarked by [INSERT DATE of claims deadline] or your claim will be considered untimely and will be rejected.**

Follow the steps below to file a claim.

**Step 1 – Access the Claim Form.** You may access a Claim Form by visiting [www.url.com] or by calling 1-800-xxx-xxxx.

**Step 2 – Complete the Claim Form.** Fill out all necessary fields and information. Make sure you sign the form.

**Step 3 – Submit the Claim Form.** The Claim Form can be submitted via U.S. Mail to:

Settlement Administrator
Rust Consulting, Inc.
625 Marquette Avenue, Suite 880
Minneapolis, MN 55402

Claims that are not submitted online or postmarked by the claims deadline set forth above will be considered untimely and will be rejected.

*What Happens After I File My Claim?*

Upon receipt, your claim will be reviewed. If your claim is approved by the Claims Administrator and the Court grants final approval to the Settlement, you will receive a check for $150.

By submitting the Claim Form, you will then be bound by all orders and judgments of the Court, and your claims against the Defendant or other Released Parties for any and all claims related to the suspension or reduction of your HELOC will be released. A full explanation of this process, the release language, and the definition of Released Parties is set out in the Class Action Settlement Agreement, which can be found by clicking here [insert link].

*How Not to Participate in the Class*

Any Person in any of the Classes may request to be excluded from the Settlement at any time before the Opt-Out/Objection Deadline, by doing as follows:
In order to exercise the right to opt-out and be excluded from the Class, the Person seeking to do so must complete and return by mail a Request For Exclusion by the Opt-Out/Objection Deadline to the Claims Administrator. **The Request for Exclusion must be signed, addressed to the Claims Administrator, and must include your name, a statement that says "I wish to be excluded from the Settlement" or words clearly to that effect, and the address for the property securing the HELOC.**

Requests for Exclusion post-marked after the Opt-Out/Objection Deadline will be considered invalid and of no effect, and the Person who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any orders entered by the Court (including a Judgment approving the Agreement and implementing the Release contemplated thereby). All Settlement Class Members (exclusive of customers who submit a valid Request for

Exclusion) will be bound by this Agreement and the Judgment, including the Release contained therein.

Any Person who timely and properly submits a Request for Exclusion shall not: (i) be bound by any orders or Judgment entered in this Litigation nor by the Release herein contained; (ii) be entitled to any Settlement Benefit under this Settlement; (iii) gain any rights by virtue of this Settlement; and (iv) be entitled to object to any aspect of this Settlement, or this Litigation.

**Each Person requesting exclusion from the Classes must personally sign his or her own individual Request For Exclusion.** No Person may opt-out from the Settlement Classes any other Person or be opted-out by any other Person, and no Person shall be deemed opted-out of the Settlement Classes through any purported "mass" or "class" opt-outs.

*How Do I Object to the Settlement?*

Any Settlement Class Member who intends to object to this Settlement must send a letter (called a "Notice of Intent to Appear and Object"), postmarked by **[DATE]** that includes his/her personal signature, his or her full name and address, and all arguments, citations, and evidence supporting the objection, that states that he or she is a Settlement Class Member, and that includes a statement whether the objector intends to appear at the Fairness Hearing, either with or without counsel. A copy of this letter must be sent to the Court, to the Claims Administrator, to Class Counsel, and to Wells Fargo's Counsel, at the addresses set forth below. Objections must be filed and postmarked by the Opt-Out/Objection Deadline, **[DATE]**. No Settlement Class Member shall be heard and no papers, briefs or pleadings submitted by such Settlement Class Member shall be received and considered by the Court unless the Court receives the Settlement Class Member's properly completed and signed statement of objection and Notice of Intent to Appear and Object by the Opt-Out/Objection Deadline. Any Settlement Class Member who fails to timely or properly file an appearance and written objection and Notice of Intent to Appear and Object shall be deemed to have waived his or her objections and be forever barred from making any such objections in this Action, the Related Actions, any appeal or in any other action or proceeding.

**Settlement Administrator**
[Add Information]

**Plaintiff's Counsel**

Jay Edelson, Esq.
Steven L. Woodrow, Esq.
Evan Meyers, Esq.
EDELSON MCGUIRE LLC
350 North LaSalle, Suite1300
Chicago, IL 60654
Tel: 1 (866) 354-3015
www.edelson.com

**Defendants' Counsel**

Mark D. Lonergan, Esq.
Kalama M. Lui-Kwan, Esq.
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center
Suite 2600
San Francisco, CA 94111

**Office of the Clerk United States District
Court for the Northern District of California**

Office of the Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489
www.cand.uscourts.gov

### 7.  If I Remain In The Class, Who Represents Me?

The Court has approved the following attorneys to represent the Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Class Counsel:**

Jay Edelson, Esq.
Steven L. Woodrow, Esq.
Evan Meyers, Esq.
EDELSON MCGUIRE LLC
350 North LaSalle, Suite1300
Chicago, IL 60654
Tel: 1 (866) 354-3015
www.edelson.com

### 8.  What Is The Plaintiffs' Attorneys' Fees Award?

The Court has appointed the attorneys listed above to represent the Class. At the Fairness Hearing described above, Class Counsel will be seeking final approval of the Settlement and will request approval by the Court of the fee award, consisting of attorneys' fees and costs up to $1,470,000 for investigating the facts, litigating the case, and negotiating the settlement in this matter to be paid by Wells Fargo. Wells Fargo has agreed not to contest this amount.

### 9. What Is The Incentive Award To The Class Representative?

As part of the preliminary approval of the Settlement, the Court has appointed Marika Hamilton, Michael Hickman, Jeffery Yellin, Ellen Yellin, and Brendan O'Leary as the Class Representatives and they will each receive an award of $5,000 for their service in this matter, subject to Court approval.

### 10. What Claims Are Being Released In This Settlement?

Unless you timely submit a Request for Exclusion, upon final approval of the Settlement you will have granted the Defendant and all other Released Parties a full and complete release of all claims arising from the beginning of time to the date the Court grants Preliminary Approval of this Agreement relating to Wells Fargo's HELOC suspension and reduction policies, systems, standards and procedures, including without limitation, its HELOC account suspensions, credit limit reductions, and reinstatement standards, processes and policies that were or could have been alleged in the Complaint, including those belonging to Plaintiffs and the Releasing Parties.

The exact release language and the definition of Released Parties and Releasing Parties contained in the Settlement Agreement is far more detailed, and you may want or need to consider it before making your decision about participating in the Settlement.  Likewise, much more detail about all of the provisions is contained in the full Settlement Agreement.  You can see a complete copy of the Class Action Settlement Agreement by clicking **here. [insert link]**

### 11. What Is Class Counsel's Opinion Of The Settlement?

In connection with the Settlement, the Court has given preliminary approval to the appointment of Class Counsel who have conducted extensive investigation into the factual and legal claims of the Class and the defenses that might be asserted by Defendant against those claims.  Based on their investigation, Class Counsel believe that the Settlement is fair, reasonable, adequate and in the best interests of the Class.  In making this evaluation, the Plaintiffs and Class Counsel have also taken into account the expense and length of continued proceedings necessary to continue to prosecute this class action against Defendant through trial, verdict, judgment, appeals and collections, and the uncertainty and the risk of the outcome of litigation, especially in complex actions such as these, as well as the difficulties and delays inherent in such actions.

### 12. When Will The Court Determine The Fairness Of The Settlement?

The Court has given preliminary approval to the Settlement.  A final hearing on the Settlement, which is called a Fairness Hearing, will be held to determine the fairness of the Settlement.  At the Fairness Hearing, the Court will hear any proper objections and arguments to the Settlement, as well as Class Counsel's request for an award of attorneys' fees and expenses, and the incentive awards to the Class Representative.  The Court will hold the Fairness Hearing on [date]

at [time] in United States Courthouse, Courtroom 2 – 4th Floor, 1301 Clay Street, Oakland California 94612.

YOU ARE NOT OBLIGATED TO ATTEND THE FAIRNESS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.

If the Settlement is not finally approved, the cases will proceed as if no settlement had been attempted or agreed upon. There can be no assurance that if the Settlement is not approved, the Classes will recover more than is provided in the Settlement, or indeed, anything at all.

**13. Where Can I Obtain More Information About The Settlement?**

Any questions you or your attorney may have concerning this Notice should be directed to Class Counsel at the address listed below. **You may also contact Class Counsel at (866) 354-3015 for any reason, including to receive a copy of the Class Action Settlement Agreement or a hard copy of the Claim Form.** If you contact Class Counsel in writing, please include the case name and number, and your name and your current return address on any letters, not just the envelopes. **You may also read the Class Action Settlement Agreement, by clicking <u>here.</u>**

**Please do not contact the Court. Instead, to obtain information about the terms and conditions concerning the Settlement, you may contact Class Counsel, as follows:**

<u>Class Counsel:</u>

Jay Edelson, Esq.
Steven L. Woodrow, Esq.
Evan Meyers, Esq.
EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Tel: 1 (866) 354-3015
www.edelson.com

By Order of the Court Dated: [Date]