Sean Reis (SBN 184044)
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
949-459-2124 (phone)
949-459-2123 (fax)
sreis@edelson.com

Jay Edelson (admitted *pro hac vice*)
jedelson@edelson.com
Steven L. Woodrow (admitted *pro hac vice*)
swoodrow@edelson.com
Evan M. Meyers (admitted *pro hac vice*)
emeyers@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MARIKA HAMILTON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. C 09-4152 CW<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT**<br><br>Hon. Claudia Wilken |

PRELIMINARY APPROVAL ORDER

WHEREAS, a putative class action is pending before the Court entitled *Hamilton v. Wells Fargo Bank, N.A.,* Case No. C 09-4152 CW; and

WHEREAS, Plaintiff has requested leave to file a Consolidated Amended Class Action Complaint for settlement purposes only, consolidating Hamilton's claims with claims in *Hickman*

*v. Wells Fargo Bank, N.A.*, No. 09-cv-5090 (N.D. Ill, filed Aug. 19, 2009); *Yellin v. Wells Fargo Bank, N.A.*, No. 10-cv-2665 (N.D. Cal., removed June 18, 2010); and *O'Leary v. Wells Fargo Bank, N.A.*, No. 10-cv-1913 (E.D. Cal., filed July 20, 2010); and

WHEREAS, Plaintiffs HAMILTON, HICKMAN, YELLIN, and the O'LEARYS and Defendant WELLS FARGO BANK, N.A., a national banking association chartered in South Dakota with its principal place of business in California, ("Defendant") have agreed on a Settlement Agreement dated November 28, 2011 which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and Exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.  Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.  The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety, subject to the Fairness Hearing referred to in Paragraph 21 of this Order for purposes of deciding whether to grant final approval to the said Settlement Agreement.

**Settlement Class Certification**

3.     For purposes of settlement only: (a) Jay Edelson, Steven L. Woodrow, and Evan Meyers are appointed Class Counsel for the Settlement Class; and (b) Marika Hamilton, Michael Hickman, Jeffrey and Ellen Yellin, and Brendan O'Leary are appointed Class Representatives.

4.     For purposes of settlement only, the Court certifies the following classes (together "the Settlement Class"):

a.     The "Financial Circumstances Class":  All persons in the United States from January 1, 2008 to June 30, 2011 whose Wells Fargo HELOC accounts were restricted or reduced by Wells Fargo based on a claim by Wells Fargo that the borrower's financial circumstances had experienced an adverse material change to justify treatment of the borrower's account.

b.     The "Property Value Class":  All persons in the United States from July 1, 2008 to June 30, 2011 whose Wells Fargo HELOC accounts were restricted or reduced based on a claim by Wells Fargo that the value of the property securing the HELOC had experienced a significant decline in value to justify treatment of the borrower's account.

c.     The "Former Customer Class":  All persons in the United States from January 1, 2008 to June 30, 2011 who closed their Wells Fargo HELOC accounts following a restriction or reduction of the account by Wells Fargo based upon a claim by Wells Fargo that there has been a material adverse change of the borrower's financial circumstances, or a significant decline in the value of the property securing the HELOC, and who paid a Deferred Origination Fee as a result of the closure.

Excluded from the Classes are the following: Wells Fargo; the Claims Administrator; any corporate parent, subsidiary, and affiliate of Wells Fargo; any judge presiding over this case or over any of the actions which comprise the Actions; and the immediate family members of any excluded person(s).

5.     The Court finds, subject to the Fairness Hearing referred to in Paragraph 21 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within

the context of and for the purposes of settlement only, that the Classes satisfy each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Classes are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the members of the Classes; the claims of the Class Representatives are typical of the claims of the Classes; the Class Representatives will fairly and adequately protect the interests of the Classes; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the action.

6. The Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiation, including a day-long mediation session with the Honorable Edward Infante (Ret.) of JAMS in San Francisco.

7. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8. The Court approves, as to form and content, the Claim Form, substantially in the form of Exhibit 3 to the Settlement Agreement, the written Long Form/Website Class Notice, substantially in the form of Exhibit 4 thereto, and the Mail Notice, substantially in the form of Exhibit 5 thereto, provided that the following changes identified by the Court at the January 12, 2012 hearing are made: (a) the discrepancies in the amount for the incentive award is corrected, (b) the Mail Notice is amended to clarify that the party may appear before the Court to object to the proposed Settlement Agreement with or without a lawyer, (c) the dates for relevant deadlines, including the date by which Class Counsel will file their attorneys' fee request, are added to the Mail Notice and Long Form/Website Class Notice, and (d) the Mail Notice and Long/Form

Website Class Notices inform class members that the date for the Fairness Hearing is subject to change and that they may check the class action website to confirm the date of the Fairness Hearing. The parties shall ensure that any change to the date of the Fairness Hearing is immediately posted on the class action website. Provided that the required changes are made, the Court finds that the mailing and distribution of the Class Notice Registration by U.S. Mail and Internet Publication, as set forth in Section 5 of the Settlement Agreement, constitute valid, due and sufficient notice to all persons entitled thereto, that such notice is the best notice practicable under the circumstances and that it constitutes due and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rules of Civil Procedure and of Due Process. The Parties, by agreement, may revise the Notices, Claim Form and other exhibits to the Settlement Agreement in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

9. The Court approves the request for the appointment of Rust Consulting, Inc., as Settlement Administrator in accordance with the provisions of Sections 1.3 and 7 of the Settlement Agreement.

10. Pursuant to Section 5.b of the Settlement Agreement, within 30 days of the entry of the Order granting preliminary approval, Defendant is directed to provide US Mail Notice to the last-known address in Defendant's records. Rust shall take further steps to attempt to deliver mail notices that are returned as undeliverable.

11. The Defendant shall launch and maintain a website that will provide full information about the Settlement and will allow for the filing of claims online within 7 days of this Order.

12. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit the Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Defendant within 60 days after the scheduled Fairness Hearing.

Preliminary Approval Order
Case No. C 09-4152 CW

5

13. In the event the Court grants final approval to the Settlement Agreement, Defendant shall have 30 days following the Effective Date to pay all Approved Claims by check and mail them to approved Claimants via first-class U.S. Mail.

**Exclusion**

14. Settlement Class Members who wish to exclude themselves from the Settlement Class may do so by the Opt-Out/Objection Deadline as set forth in this Order, provided they comply with the exclusion procedures set forth in the Settlement Agreement and Class Notice. A Settlement Class Member who wishes to "opt out" must complete and return a Request for Exclusion to the Claims Administrator. The Request must be signed by the Person requesting exclusion. Any Settlement Class Member so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

15. Settlement Class Members who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely Request to Opt Out on or before the date specified herein shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

16. Any Settlement Class Member who submits a timely Request to Opt Out may not file an Objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

17. In the event where more than 150 class members submit valid requests for exclusion, Defendant shall have the option of terminating this Settlement Agreement, but shall not be obligated to do so.

**Objections**

18. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement Agreement (hereinafter "Objections") or to a judgment being entered dismissing the Action with prejudice in accordance with the terms of the

Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Class Notice, must sign and file a written Objections no later than 21 days prior to the Fairness Hearing. Any Settlement Class Member who submits a timely Request to Opt Out may not file Objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

19. Any Objections must be filed with the Court, Class Counsel, and Wells Fargo's Counsel at the time of filing. Persons wishing to object must file a Notice of Intent to Appear and Object that includes their own signature and sets forth their full name, current address, and telephone number. Objecting Settlement Class Members must provide evidence of their membership in the Settlement Class, state in writing all arguments, citations, and evidence supporting their objection, and include a statement as to whether the Objector intends to appear at the Fairness Hearing and whether he or she is represented by separate legal counsel. Counsel for any objector who intends to appear at the Fairness Hearing must file a written appearance no later than the deadline for filing the objection. Class Members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any Objections and shall be foreclosed from making any Objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in Paragraph 21 below.

20. Persons who fail to timely and properly file an appearance and/or written objections and/or Notice of Intent to Appear and Object shall be deemed to have waived their right to object and shall be barred from making future objections in this Action or Related Actions.

**Fairness Hearing**

21. The Fairness Hearing shall be held before this Court on April 26, 2012 at 2:00 P.M. in Courtroom 2, 4th Floor of the United States Courthouse at 1301 Clay Street, Oakland, California 94612 to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be

Preliminary Approval Order
Case No. C 09-4152 CW

7

given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representatives. The Court may adjourn or continue the date of the Fairness Hearing without further notice to members of the Settlement Class.

**Further Matters**

22. All further proceedings in the Action are ordered stayed until the Final Judgment and Order of Dismissal with Prejudice or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

23. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, the Agreement is terminated unless each part had full knowledge of the defect at issue and agree in writing to proceed with the Agreement. If any Party is in material breach of the Agreement, the opposing Parties may opt to terminate the Agreement provided they are substantially in compliance with the Agreement. If the Agreement is terminated or fails to become effective, each party will revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

25. In the event where the Court fails to award attorneys' fees or incentive awards as set forth in Sections 10.1 and 10.3 of the Settlement Agreement, the Agreement shall not be prevented from becoming effective and all remaining provisions shall remain in full force.

26. Whether or not the Agreement ever comes into effect or is terminated, the Settlement Agreement shall not be used, offered, or received against (i) the Released Parties as an admission or evidence of the validity of Plaintiffs' claims; (ii) Wells Fargo as an admission or evidence of the validity of Plaintiffs' claims; (iii) Plaintiffs or the Classes as an admission or

Preliminary Approval Order
Case No. C 09-4152 CW

8

evidence of the infirmity of claims arising under the Action; and (iv) the Released Parties as an admission of liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative proceeding; (v) any Party as an admission that the consideration included in the Complaint is indicative of what could have been obtained at trial; (vi) any Party as an admission that the claims are with or without merit or that damages recoverable would have been greater than or less than the amount the amount they could have been at trial.

27. Apart from the Class Notice approved in Paragraphs 8 through 13 of this Order above, neither the Parties nor their respective Counsel shall disclose, disseminate, or publicize information about the settlement or the Settlement Agreement, except as needed to obtain court approval of this Settlement Agreement or for dismissal of the underlying actions, respond to an order or inquiry from a court, the government, or an administrative agency, or for other legal or tax related purposes as set forth in Sections 12.8 and 12.9 of the Settlement Agreement. Nothing herein shall be interpreted so as to interfere with Class Counsel's ability to advise potential and actual class members regarding the Settlement Agreement.

28. Class counsel is to file papers in support of Final Approval no later than 7 days prior to the Fairness Hearing. Class counsel is to file papers in support of any petition for reasonable attorneys fees no later than 35 days prior to the Fairness Hearing.

29. The following schedule is set:

| Item | Date |
|---|---|
| 1. Defendant shall cause the Long Form Notice to be published on the Settlement Website: | January 31, 2012 |
| 2. Defendant shall cause the U.S. Mail Notice to be sent to the Class members: | February 25, 2012 |
| 3. Class counsel shall file papers in support of any petition for reasonable attorneys' fees and post the petition for attorneys' fees on class action website. | March 8, 2012 |
| 4. The deadline for Opt-outs / Objections: | March 29, 2012 |
| 5. Class counsel shall file papers in support of Final Approval: | April 19, 2012 |
| 6. The deadline for filing claims by mail: | June 25, 2012 |

Preliminary Approval Order
Case No. C 09-4152 CW

9

7. The Fairness Hearing is set for: April 26, 2012 at 2:00 p.m.

IT IS SO ORDERED,

This <u>25th</u> day of January, 2012

_____
United States District Court Judge