IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIKA HAMILTON, MICHAEL HICKMAN, JEFFREY and ELLEN YELLIN, and BRENDAN O'LEARY, individually and on behalf of a class of similarly situated individuals,<br><br>          Plaintiffs,<br><br>     v.<br><br>WELLS FARGO BANK, N.A., for itself and as a successor in interest to GOLDEN WEST BANK, WACHOVIA BANK, and WELLS FARGO FINANCIAL / NOWLINE BANK,<br><br>          Defendant.<br>_____/ | No. C 09-4152 CW<br><br>ORDER REGARDING DEFENDANT'S ADMINISTRATIVE MOTION TO MAINTAIN CONFIDENTIAL INFORMATION UNDER SEAL, Docket No. 86, and THE PARTIES' STIPULATION, Docket No. 87 |

On March 8, 2012, Plaintiffs moved, pursuant to this Court's Civil Local Rule 79-5(c) and (b), to seal portions of their concurrently filed motion for attorneys' fees, expenses and incentive award and the entirety of Exhibit C submitted in support of that motion.  Docket No. 83.  Plaintiffs contended that the items are sealable because they contain information that has been designated as confidential by Defendant Wells Fargo Bank, N.A., or otherwise contain private or protected information under the September 1, 2010 Stipulated Protective Order.

1 Defendant Wells Fargo Bank failed to respond in support of
2 Plaintiffs' motion as required under Local Rule 79-5(d).
3 Furthermore, the proposed redactions in the motion for attorneys'
4 fees and the information in Exhibit C, Plaintiffs' expert's
5 report, did not appear to convey confidential business
6 information, proprietary technology or trade secrets. Thus, on
7 March 19, 2012, the Court denied the motion to seal.

8 On March 21, 2012, Wells Fargo moved to maintain certain
9 information under seal, noting that it failed to respond to
10 Plaintiffs' prior motion due to oversight. Wells Fargo's request
11 to seal is more narrow that Plaintiffs' prior request; it seeks to
12 conceal only direct references to its confidential data, but not
13 Plaintiffs' expert's assessment of the value of the proposed
14 settlement agreement. In support of its motion, Wells Fargo has
15 submitted a stipulation by the parties, agreeing that Plaintiffs'
16 counsel shall file a version of its petition for attorneys' fees
17 and supporting papers with redactions in keeping with Wells
18 Fargo's current request to seal.

19 However, neither party has submitted a copy of the petition
20 and supporting papers with the proposed redactions. Thus, the
21 Court is unable to evaluate whether the redactions comport with
22 the standard for placing the information under seal. The parties
23 may not place information under seal by stipulated agreement or a
24 blanket protective order.

25 Given the impending hearing set for April 26, 2012, the
26 parties shall follow, on an expedited basis, the procedures under
27 this Court's Local Rule 79-5(c) and (d) to establish that sealing
28 is warranted. Plaintiffs shall submit the items required under

2

Local Rule 79-5(c)(2)-(5) within one day, pursuant to the procedures therein.  Wells Fargo shall respond in keeping with Local Rule 79-5(d) within one day thereafter.

    The Court will defer ruling on Wells Fargo's request until these items are received.  Pending the Court's determination of Wells Fargo's administrative motion, Plaintiffs' counsel need not file an unredacted version of the petition for attorneys' fees on the class website.

    However, in keeping with <u>In re Mercury Interactive Corp. Securities Litigation</u>, 608 F.3d 988 (9th Cir. 2010), in the event that Plaintiffs' counsel are required to post a version of the attorneys' fee petition disclosing information that was previously redacted from the petition currently posted on the class action website, the April 5, 2012 deadline for class member objections may be vacated and the deadline extended to fourteen days following the date the modified petition is posted on the website.

    IT IS SO ORDERED.

Dated: 3/23/2012

_____
CLAUDIA WILKEN
United States District Judge