IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIKA HAMILTON, MICHAEL HICKMAN, JEFFREY and ELLEN YELLIN, and BRENDAN O'LEARY, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., for itself and as a successor in interest to GOLDEN WEST BANK, WACHOVIA BANK, and WELLS FARGO FINANCIAL / NOWLINE BANK,<br><br>Defendant.<br>_____/ | No. C 09-4152 CW<br><br>ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL (Docket No. 96) |

On April 19, 2012, Plaintiffs moved, pursuant to this Court's Civil Local Rule 79-5(c) and (d), to seal a portion of their motion for final approval of the class settlement containing reference to information designated as confidential by Defendant Wells Fargo. Wells Fargo filed a timely declaration in support of the motion to seal.

The information that Wells Fargo seeks to seal is data describing the results of its proactive reinstatements of customers' HELOC accounts over a particular period. These numbers

1 were provided to help Plaintiffs' expert estimate the value of
2 additional reinstatements of HELOC accounts likely to result from
3 Wells Fargo's further proactive reviews of suspended accounts,
4 promised as part of the parties' settlement agreement.  Wells
5 Fargo submitted a declaration stating that the data is private,
6 nonpublic business information that could benefit competitor banks
7 at Wells Fargo's expense.

8     Wells Fargo has demonstrated that the request to seal
9 satisfies the compelling interest standard generally applicable to
10 documents contained in judicial records, except for those attached
11 to a non-dispositive motion.  Phillips ex rel. Estates of Byrd v.
12 Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).  In
13 applying the compelling interest standard, relevant factors may
14 include the public interest's in understanding the judicial
15 process and whether disclosure of the material would result in the
16 improper use of the information for scandalous or libelous
17 purposes or infringement upon trade secrets.  Pintos v. Pacific
18 Creditors Ass'n., 605 F.3d 665, 679 n.6 (9th Cir. 2009).

19     Here, Plaintiffs' expert had access to the information that
20 Wells Fargo seeks to seal and was able to estimate the value of
21 potential future reinstatements.  The expert's estimations of the
22 value of the settlement are contained in the public record.  Thus,
23 the public's interest in understanding the value of the settlement
24 is not undermined by sealing the underlying data.  At the same
25 time, disclosure would come at the expense of Wells Fargo's
26 competitive position because it would provide private business
27 data about the value of its reinstatements of HELOC accounts over
28

**United States District Court**
For the Northern District of California

2

1 a given period.  Therefore, Wells Fargo's interest outweighs the
2 public's interest in the information.
3     Plaintiffs' motion to seal is granted.  Docket No. 96.
4     IT IS SO ORDERED.

Dated: 5/8/2012

CLAUDIA WILKEN
United States District Judge