SEAN REIS (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

JAY EDELSON (*Pro Hac Vice*)
jedelson@edelson.com
STEVEN L. WOODROW (*Pro Hac Vice*)
swoodrow@edelson.com
EVAN M. MEYERS (*Pro Hac Vice*)
emeyers@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*ATTORNEYS FOR PLAINTIFFS AND THE SETTLEMENT CLASSES*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MARIKA HAMILTON, MICHAEL HICKMAN, JEFFREY and ELLEN YELLIN, and BRENDAN O'LEARY, individually and on behalf of the classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., for itself and as a successor in interest to GOLDEN WEST BANK, WACHOVIA BANK, and WELLS FARGO FINANCIAL / NOWLINE BANK,<br><br>Defendant. | No. 09-cv-4152-CW<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT**<br><br>Honorable Claudia A. Wilken |

**FINAL APPROVAL ORDER**

WHEREAS, a putative class action is pending before the Court entitled *Hamilton v. Wells Fargo Bank, N.A.,* Case No. 09-cv-4152-CW; and

WHEREAS, the five named Plaintiffs—Marika Hamilton, Michael Hickman, Jeffrey Yellin, Ellen Yellin and Brendan O'Leary (collectively, "Plaintiffs" or "Class Representatives")—brought four separate lawsuits following Wells Fargo's decision to suspend their respective HELOCs. These actions are *Hamilton v. Wells Fargo Bank, N.A.,* 09-cv-4152 (N.D. Cal., filed Sept. 8, 2009); *Hickman v. Wells Fargo Bank, N.A.*, No. 09-cv-5090 (N.D. Ill, filed Aug. 19, 2009); *Yellin v. Wells Fargo Bank, N.A.*, No. 10-cv-2665 (N.D. Cal., removed June 18, 2010); and *O'Leary v. Wells Fargo Bank, N.A.*, No. 10-cv-1913 (E.D. Cal., filed July 20, 2010) (collectively, "Underlying Class Actions");

WHEREAS, with leave of Court, on January 25, 2012 Plaintiff Hamilton filed a Consolidated Amended Class Action Complaint joining the Plaintiffs in the Underlying Class Actions for the purpose of effectuating the settlement;

WHEREAS, Plaintiffs and Defendant WELLS FARGO BANK, N.A., for itself and as a successor in interest to GOLDEN WEST BANK, WACHOVIA BANK, and WELLS FARGO FINANCIAL / NOWLINE BANK ("Defendant" or "Wells Fargo") have agreed on a Settlement Agreement dated December 5, 2011 which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Underlying Class Actions with prejudice as to Defendant upon the terms and conditions contained therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and Exhibits attached thereto, and the Court having considered all of the submissions and arguments with respect to the Motion for Final Approval and having held a Fairness Hearing on April 26, 2012;

WHEREAS, on January 25, 2012, this Court preliminarily approved the Settlement and certified, for settlement purposes, three settlement classes (collectively, "Settlement Class") defined as follows:

    1.    *The "Financial Circumstances Class":*

All persons in the United States from January 1, 2008 to June 30, 2011 whose Wells Fargo HELOC accounts were restricted or reduced by Wells Fargo based on a claim by Wells Fargo that the borrower's financial circumstances had experienced an adverse material change to justify treatment of the borrower's account.

2. *The "Property Value Class":*

All persons in the United States from July 1, 2008 to June 30, 2011 whose Wells Fargo HELOC accounts were restricted or reduced based on a claim by Wells Fargo that the value of the property securing the HELOC had experienced a significant decline in value to justify treatment of the borrower's account.

3. *The "Former Customer Class":*

All persons in the United States from January 1, 2008 to June 30, 2011 who closed their Wells Fargo HELOC accounts following a restriction or reduction of the account by Wells Fargo based upon a claim by Wells Fargo that there has been a material adverse change of the borrower's financial circumstances, or a significant decline in the value of the property securing the HELOC, and who paid a Deferred Origination Fee as a result of the closure.

WHEREAS, Notice to the Settlement Class Members has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct U.S. mail notice and the creation of a settlement website, fully complied with the requirements of Fed. R. Civ. P. 23 and Due Process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action;

WHEREAS, the Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of a mediator, Judge Edward Infante (Ret.), and thus is supported by Plaintiffs and Class Counsel;

WHEREAS, the Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense,

and duration of litigation and the risks involved in establishing liability and damages and in maintaining the Underlying Class Actions through trial and appeal;

WHEREAS, the Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Defendant. The Court finds that the settlement consideration provided to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits;

WHEREAS, the persons listed as having filed timely requests for exclusion listed on Addendum A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement, except for the Parties listed on Addendum A as having filed an untimely exclusion who will be found to have validly excluded themselves from the Settlement.

2. The Court approved Notice Plan to the Settlement Classes, as set forth in the Preliminary Approval Order of January 25, 2012, and finds that the Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

3. The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notices and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

4. The following settlement classes are hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3):

    a. *The "Financial Circumstances Class":*

All persons in the United States from January 1, 2008 to June 30, 2011 whose Wells Fargo HELOC accounts were restricted or reduced by Wells Fargo based on a claim by Wells Fargo that the borrower's financial circumstances had experienced an adverse material change to justify treatment of the borrower's account.

    b. *The "Property Value Class":*

All persons in the United States from July 1, 2008 to June 30, 2011 whose Wells Fargo HELOC accounts were restricted or reduced based on a claim by Wells Fargo that the value of the property securing the HELOC had experienced a significant decline in value to justify treatment of the borrower's account.

    c. *The "Former Customer Class":*

All persons in the United States from January 1, 2008 to June 30, 2011 who closed their Wells Fargo HELOC accounts following a restriction or reduction of the account by Wells Fargo based upon a claim by Wells Fargo that there has been a material adverse change of the borrower's financial circumstances, or a significant decline in the value of the property securing the HELOC, and who paid a Deferred Origination Fee as a result of the closure.

5. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the Settlement Class, the claims of the Plaintiffs are typical of the claims of the Settlement Class, the Plaintiffs will fairly and adequately protect the interests of the Settlement Class, and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

6. The preliminary appointment of the following attorneys as Settlement Class Counsel is hereby confirmed:

Jay Edelson, Esq.
Steven L. Woodrow, Esq.

Evan M. Meyers, Esq.
Edelson McGuire LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

7. Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately represented the interests of the Settlement Class.

8. The Underlying Class Actions are hereby dismissed with prejudice. This dismissal with prejudice shall not allow the Parties or any members of the Settlement Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims. This judgment has been entered without any admission by Defendant of liability or as to the merits of any of the allegations in the underlying complaints.

9. For a 12-month period following this Order, for Settlement Class Members whose HELOCs were suspended or reduced based upon either a material adverse change in financial circumstances or a decline in the equity cushion caused by a decline in the value of the property securing the HELOC, Wells Fargo is directed to proactively consider borrowers for reinstatement of said HELOCs. Wells Fargo is directed to conduct 4 rounds of such proactive reinstatements during the 12-month period.

10. For a 12-month period following this Order, Defendant is directed not to use an Automated Valuation Model to value its borrowers' homes serving as security for their respective HELOCs that is older than 90 days in connection with any decision to restrict HELOCs.

11. Defendant has implemented changes to is policies and procedures for restricting HELOCs based upon either a material adverse change in financial circumstances or a decline in the equity cushion caused by a decline in the value of the property securing the HELOCs that are beneficial to customers. For a 12-month period following this Order, Defendant is directed not to make any material changes to its existing policies and procedures for restricting HELOCs based upon either a material adverse change in financial circumstances or a decline in the equity cushion caused by a decline in the value of the property securing the HELOC, unless such changes are beneficial to borrowers.

12. Defendant has implemented changes to is policies and procedures for reinstating borrowers whose HELOCs were restricted based upon either a material adverse change in financial circumstances or a decline in the equity cushion caused by a decline in the value of the property securing the HELOC that are beneficial to customers. For a 12-month period following this Order, Wells Fargo also agrees not to make any material changes to its existing policies and procedures for reinstating borrowers whose HELOCs were restricted based upon either a material adverse change in financial circumstances or a decline in the equity cushion caused by a decline in the value of the property securing the HELOC, whether reinstatement is considered proactively or based upon the borrower's request, unless such changes are beneficial to borrowers.

13. For a 12-month period following this Order, Defendant is directed to send borrowers whose accounts were restricted based upon a decline in the equity cushion caused by a decline in the value of the property securing the HELOC, who then request additional information about the restriction or reinstatement of their accounts, a letter substantially in the form attached as Exhibit 3 to the Settlement Agreement. Defendant is also directed to modify the letter that it uses to notify borrowers that their HELOCs have been restricted to specifically disclose the borrowers' ability to request such additional information.

14. Nothing in this Order shall be construed to preclude Wells Fargo from changing the factors it considers or the manner in which it analyzes the risk of default on HELOC accounts, or in determining whether there has been a significant decline in the equity cushion, provided that Wells Fargo continues to comply with its current written policies and procedures and applicable law.

15. The Parties are directed to distribute the $150 cash payment to Former Customer Class Members, who have submitted valid claim forms, no later than 60 days after the Effective Date.

16. Upon the Effective Date, Plaintiffs, and every Settlement Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

a. As used in this Order, "Released Claims" means all claims (including "Unknown Claims" as defined below), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising from the beginning of time to January 25, 2012, relating to Wells Fargo's HELOC treatment policies, systems, standards and procedures, including without limitation, its HELOC account restrictions, credit limit reductions, and reinstatement standards, processes and policies that were or could have been alleged in the Complaint, including those belonging to Plaintiffs and the Releasing Parties.

b. As used in this Order, the "Releasing Parties" shall mean Plaintiffs and Settlement Class Members (except a member of the Settlement Class who has obtained proper and timely exclusion from the Settlement Class pursuant to Section 6.1 of the Settlement Agreement and Paragraph 1 above), including their present or past heirs, executors, estates, authorized users, guarantors, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders and any other representatives of any of these Persons and entities.

c. As used in this Order, the "Released Parties" means Wells Fargo and any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, divisions, subsidiaries, associates, affiliates, representatives, employees, agents, consultants, insurers, directors, committees, managing directors, officers, partners, principals,

members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, trustees, corporations, officers, directors, other individuals or entities in which Wells Fargo Bank, N.A. has a controlling interest or which is related to or affiliated with any of them or any other representatives of any of these Persons and entities including each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, and directors.

17. The Court awards to Class Counsel $1,470,000.00 as reasonable attorneys' fees and costs. The Court finds this amount to be reasonable in that it represents a multiplier of 1.07. When Class Counsel's reimbursable expenses of $37,463.57 are subtracted from the $1,470,000 figure, the resulting "fees" equal $1,432,536.43. A multiplier of approximately 1.07 is thus required to be applied to equal the fees awarded. Class Counsel provided the Court with documentation and sworn declarations supporting a lodestar of $1,339,050. Specifically, Class Counsel expended 2,944.10 hours in investigating, litigating, and resolving this case. Additionally, Class Counsel identified each attorney working on the case and his or her corresponding billable rate. The Court finds the rates charged to be appropriate and reasonable and that the hourly rates are in line with comparable market rates. The Court finds the hours expended to be reasonable when compared with the time and effort put forth by Class Counsel in investigating, litigating, and resolving this case, as well as in light of the results achieved for the Settlement Class. Accordingly, the fee award of $1,470,000 is reasonable when achieved by enhancing the lodestar of $1,339,050 by 1.07 multiplier and adding $37,643.57 in costs incurred by Class Counsel. The Court additionally finds this amount fair and reasonable based upon a percentage of recovery cross check. According to Plaintiffs' expert's calculations, the fee award represents between 14.38% and 16.1% of the minimal class recovery. In

light of a 25% "benchmark" established in this Circuit, the fee award well below the benchmark is fair and reasonable.

18.  Defendant shall pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

19.  The Court awards an Incentive Award in the collective amount of $30,000.00 for the named Plaintiffs' roles as Class Representatives for taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class as follows: $6,000 to Marika Hamilton, $6,000 to Michael Hickman, $6,000 to Jeffery Yellin, $6,000 to Ellen Yellin, and $6,000 to Brendan O'Leary. Such payments shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

20.  "Unknown Claims" means claims that could have been raised in these Actions, and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might have affected his, her or its decision to accept this agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

21.  Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they

may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release or the law applicable to such claims may change, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

22. Whether or not the Effective Date occurs or this Agreement is terminated, neither this Agreement, nor any act performed or document executed pursuant to or in furtherance thereof:

    a. Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

    b. Is, may be deemed, or shall be used, offered or received against Wells Fargo, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

    c. Is, may be deemed, or shall be used, offered or received against Plaintiff or the Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Actions, the truth or falsity of any fact alleged by Wells Fargo, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

    d. Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Judgment in any action that may be brought against such Party or

Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim in this Action;

      e.    Is, may be deemed, or shall be construed against Plaintiffs and the Classes, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      f.    Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Classes, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Actions would have exceeded or would have been less than any particular amount.

23. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing this Agreement.

24. The Objections filed by Jon and Judith Craig and Kevin and Leona Joseph, having been heard and considered, are hereby overruled.

25. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED, this __14th__ day of __May__, 2012.

      Enter:

      _____
      United States District Court Judge

# ADDENDUM A

# TIMELY EXCLUSIONS

| NAME | ADDRESS |
| --- | --- |
| AKHTAR, IMRAN | WOODBRIDGE, VA |
| ALBANO, MARK J | WILBRAHAM, MA |
| ALLEN, FRANCES AMELIA | NORCROSS, GA |
| ALLEN, ROBERT D AND NELL GENEVA | SURPRISE, AZ |
| ALVARENGA, SANDRA A | EVERETT, MA |
| AMARAL, JOSEPH JR AND DENISE | UNION CITY, CA |
| ANDREWS, HARRISON L | PEORIA, AZ |
| ANDREWS, KELLY ANN | PEORIA, AZ |
| ARCHULETTA, LYNN B | LOVELAND, CO |
| ARMSTRONG, LARRY | CHICO, CA |
| AVIEL, SIMON D | SAN MATEO, CA |
| BABU, ANTONY R | SAN RAMON, CA |
| BACKLUND, CARL SCOTT | BREA, CA |
| BAILEY, JOSEPH L AND BENNETT, NANCY L | CHAMBLEE, GA |
| BAILEY, RICHARD DONALD AND KATHLEEN | RIVERSIDE, CA |
| BARNES, CHRIS | WEST HARTFORD, CT |
| BARTHOLOMEW, CHARLES JR | ALLENTOWN, PA |
| BELL, ANGELA A | ELLENDALE, MN |
| BENNETT, ANTHONY | WEST PALM BEACH, FL |
| BERTRAM, DAVID R AND HEIDI | WILKES BARRE, PA |
| BEW, RICHARD T | LA JOLLA, CA |
| BIGALBAL, JOHN R | LEESBURG, VA |
| BOCANEGRA, SALMA | SOMERS POINT, NJ |
| BOCKMAN, LYLE B | DENVER, CO |
| BOOL, RICHARD A | TUCSON, AZ |
| BORGER, JAMES W AND MARY M | GLENSIDE, PA |
| BROKASKI, FREDERICK W AND PAULINE C | GOLETA, CA |
| BROWN, HENRY L | FLORENCE, SC |
| BROWN, TRAVIS L | SACRAMENTO, CA |
| BRUNER, DEAN T AND LEWIS CAROLYN A | KISSIMMEE, FL |
| BULLIS, LENA V | STRONGSVILLE, OH |
| BYRD, JOHNNY AND BRENDA | LAKESIDE, CA |
| CABELLO, APRIL L | CALDWELL, ID |
| CABELLO, MARTY J | CALDWELL, ID |
| CAMBRON, ROBERT | PALMER, AK |

| NAME | ADDRESS |
|---|---|
| CAPELL, ZACHARY D | BEND, OR |
| CARBONE, JOHN | ALLENWOOD, NJ |
| CARTER, JOSEPHINE J | SARASOTA, FL |
| CASTILLO, DAVID E AND SARAH H | CARMEL VALLEY, CA |
| CECHINI, DANIEL J AND SUSAN K | MORRISON, CO |
| CELLA, MARY B | COMMERCE CITY, CO |
| CHAFEE, VELERIE MASTEN | RICHMOND, VA |
| CHANDLER, LISBETH A | HERNDON, VA |
| CHANDY, MATHEWS P | LAWRENCEVILLE, GA |
| CHARIVUKALAYIL, MATHEW THOMAS AND MATHEW, LALITHA | CHELTENHAM, PA |
| CHASSE, MARKE E | PORTLAND, OR |
| CHINYE, EZIAFA N | MIRAMAR, FL |
| COLLINS, PAMELA W | ATLANTA, GA |
| CONNOLLY, THOMAS T | LAS VEGAS, NV |
| COOPER, HUGH L AND NANCY D | VISTA, CA |
| COOPER, ROBERT | SHERMAN OAKS, CA |
| COPPENBARGER, GARY SCOTT | NAPLES, FL |
| CRATER, BARBARA S | RICEVILLE, TN |
| CRAWFORD, BILLY D AND GAIL C | BARTOW, FL |
| CROCKRELL, CHARLES | BROWNS MILLS, NJ |
| DANEVICH, MICHELE A | GILBERT, AZ |
| DE LEO, GLORIA J | SAN DIEGO, CA |
| DICKIE, JOHN | VIRGINIA BEACH, VA |
| DIVIRIGILO, NICHOLAS A | HIGHLAND MILLS, GA |
| DYER, STEVAN | FT LAUDERDALE, FL |
| EASTMAN, BRENT MICHAEL | GAITHERSBURG, MD |
| ESCALANTA, RICHARD | RCH CUCAMONGA, CA |
| FAIRCHILD, LAIRD A | SOUTHLAKE, TX |
| FARMER, JOHN L | MORROW, GA |
| FERRIS, SAM | SAN JOSE, CA |
| FLOISAND, DAVID K | FARMINGTON, UT |
| FOGLEMAN, LINDA H | LIBERTY, NC |
| GALLAGHER, DOLORES A | KENT, OH |
| GEYER, JUDY ANN | CAPE CORAL, FL |
| GOLDSTEIN, COREY | SAN DIEGO, CA |
| GRAVES, RICHARD M | PRESCOTT, AZ |
| GRIGEL, ANN E | HAMEL, MN |

| NAME | ADDRESS |
| --- | --- |
| GRINNELL, ROBERT D AND SUSAN A | HENDERSON, NV |
| GUARDABASCIO, JOSPEH F JR | CLEARWATER, FL |
| HAAS, EDWARD L AND MARYANN | PONTE VEDRA BEACH, FL |
| HANIS, CHRISTINA R | SWEDESBORO, NJ |
| HARRIS, RONALD C | NEWBURY PARK, CA |
| HEBEIN, JOSEPH | SUNRISE, FL |
| HECKERT, BERNICE | SAVANNAH, GA |
| HEDGCOTH, JOHN R | MESA, AZ |
| HELLEGERS, GORDON | NORTH SAN JUAN, CA |
| HERNANDEZ, RAFAEL A | BAY POINT, CA |
| HICKS, KENNETH L AND ARLENE | CUMMING, GA |
| HILL, PATRICIA LILIANA | MONTAGUE, NJ |
| HOFFMAN, JOSHUA A | WARRENTON, VA |
| HOHN, PAULA | DENVER, CO |
| HOLLMANN, GEMMA B | SAN DIEGO, CA |
| HUGHES, TERENCE M AND SUSAN M | PEABODY, MA |
| IACABUCCI, JAMES | MIAMI BEACH, FL |
| IBSEN, DIANNE | TOLLESON, AZ |
| ISHMAL GREEN, VELMA P | COLUMBIA, SC |
| JANKOWIAK, KENNETH A AND MARY J | KILLEN, AL |
| JAY, RUTH | OZONA, FL |
| JINDELL, AYAD AND LEILA | RANCHO PALOS VERDES, CA |
| JOHNSEN, ROY S AND VIRGINIA M | STUART, FL |
| JOHNSON, DIANA J | PALM BEACH, FL |
| JOHNSON, RODNEY H | PEORIA, AZ |
| JOHNSON, TODD C | ALLENTOWN, PA |
| JONES, RANDY AND CATHERINE T | CARLSBAD, CA |
| KAFF, DERREK B AND PATRICIA L | ROSEVILLE, CA |
| KIRKPATRICK, THOMAS | SIMI VALLEY, CA |
| KITTLESON, SCOTT S AND KATHY L | COON RAPIDS, MN |
| KJOLHAUG, ANDREW J | ROSEMOUNT, MN |
| KNOEBEL, ROBERT S | NYACK, NY |
| KOOPMAN, THELMA L | SEBASTIAN, FL |
| KRABILL, LAURA E | RALEIGH, NC |
| KRAMER, BARBARA | KENNETH CITY, FL |
| KRUTCIK, JAMES | MISSION VIEJO, CA |
| KRUTCIK, SUSAN | MISSION VIEJO, CA |
| KUCERA, CHRISTOPHER | PLAINFIELD, IL |

| NAME | ADDRESS |
|---|---|
| LAMBERT, JEFFREY D | SURPRISE, AZ |
| LAMORTE, ROBERT C AND MARILYN S | HENDERSON, NV |
| LARSON, SCOTT D | DICKINSON, ND |
| LATCH, NANCY V | TREVOSE, PA |
| LATOUR, JASON | SAINT HELENS, OR |
| LAVOIE, RAYMOND M AND THRESA P | LAMOILLE, NV |
| LEMMON, LEX R | TUCSON, AZ |
| LEONE, JOHN J | SAN DIEGO, CA |
| LERYNE, DAVID H AND GONZALEZ, CARIDAD M | MIAMI LAKES, FL |
| LIEBEL, NANCY | PENFIELD, NY |
| LORENCE, HARRIET | CENETENNIAL, CO |
| LOVETT, TERRENCE | PHILADELPHIA, PA |
| LUNDELL, MARGARET I | FARGO, ND |
| LYNONS, HUGH G AND DOREEN | LAKE MARY, FL |
| MACLENNAN, LINDA LOUIS | SIMI VALLEY, CA |
| MAJORS, JEFFREY | BOISE, ID |
| MANNING, CARY P | NAVARRE, FL |
| MAPES, KATHLEEN | TUCSON, AZ |
| MARICIC, NICK J | MURRIETA, CA |
| MARTIN, TITUS W | KIRKWOOD, PA |
| MARTINEZ, GINA C | MANTECA, CA |
| MATHENY, MARTIN | SAINT CROIX FALLS, WI |
| MAUER ELLIOTT, ADAM C | MINNEAPOLIS, MN |
| MAUER ELLIOTT, LISA N | MINNEAPOLIS, MN |
| MAZZIE, KEN J | PALM COAST, FL |
| MCCLURE, YVONNE C | VENETIA, PA |
| MCKAY, ROBERT B | EASTFORD, CT |
| MEADOR, THOMAS C AND ELLEN HEPBURN | EL CAJON, CA |
| MERRILL, FRANK E | JONESBORO, GA |
| MIRANDA, CARLOS A | BURKE, VA |
| MONEYHAN, LINDEL | MIDDLEBURG, FL |
| MONFREDI, ANTHONY J AND MARY J | SCHNECKSVILLE, PA |
| MONTELONGO, EDWARD | MOORPARK, CA |
| MOORE, EDWIN NEAL | RENO, NV |
| MORRIS, GREGORY | ALPHARETTA, GA |
| MORRISON, MICHAEL W | BOISE, ID |
| MOSHAVA, EDESSA | WINNETKA, CA |

| NAME | ADDRESS |
|---|---|
| MUNIER, NICOLE A | WATERBURY, CT |
| NEER, KRISTEN F | FARMINGTON, NM |
| NELSON, JENNIFER A | DENVER, CO |
| NICHOLS, STEPHEN B | SHALIMAR, FL |
| NOWAKOWSKI, THOMAS E JR | NEW HOPE, PA |
| NYQUIST, SHERYL | COTTAGE GROVE, MN |
| OESER, CYNTHIA F | YUBA CITY, CA |
| OLDHAM, WILLIAM | SALMON, ID |
| OLIVER, EULALIA A | BALTIMORE, MD |
| PALMER, DAVID D | ROCKVILLE, MD |
| PARKER, ZANE W | BURLEY, ID |
| PAYNE, LINDA MAY | TOMS RIVER, NJ |
| PAYNE, TIMOTHY J | YORK, SC |
| PERRY, KEITH D | ROSEVILLE, CA |
| PESOLA, BRUCE | MARQUETTE, MI |
| PETERSEN, KAREN L | LINCOLN, NE |
| PETERSON, JAMES M | MARIETTA, GA |
| PEZZI, LAURA | ROSEVILLE, CA |
| PHILLIPS, DAVID E | LAWRENCEVILLE, GA |
| PHILLIPS, JAMES S AND JULIA A | LAKEWOOD, CO |
| PHILLIPS, JOANNE | WHITTIER, CA |
| PICCICACCO, HUGO AND JEAN | PORT CHARLOTTE, FL |
| POYNS, RICHARD C | SUMMERVILLE, SC |
| PRETE, ANTHONY J AND JEAN ELIZABETH | SAINT JOHNS, FL |
| RANZOLA, VICTOR | MIAMI, FL |
| RASCHKE, WILLIAM AND JANET | DEL MAR, CA |
| RECCHIA, CAROL | SAINT CLAIR SHORES, MI |
| RICHARDS, MICHAEL E | LONGWOOD, FL |
| RIVERA, RECHELLE | PHILADELPHIA, PA |
| ROBERTS, ADRIAN O AND SANDRA | PHOENIX, AZ |
| ROBINSON, COLLEEN A | SAN RAMON, CA |
| RODGERS, A RANDALL | FARMINGTON, NM |
| ROMERO, ARIEL | HIALEAH, FL |
| ROSSELLI, MARLENE | THOUSAND OAKS, CA |
| ROTHSCHILD, JAMES A | WILTON, CT |
| ROWE, PAUL L | SAN FRANCISCO, CA |
| RUSSO, JOHN D | SARASOTA, FL |
| SAIA, CHRISTOPHE H | MIAMI SHORES, FL |

| NAME | ADDRESS |
| --- | --- |
| SANDVALL, ERIC | BEND, OR |
| SANTORUM, JACOB | DOVER PLAINS, NY |
| SARRIS, JOSEPH A | TARPON SPRINGS, FL |
| SAUNDERS, BEN M | BURLINGTON, NC |
| SCHNEIDER, WILLIAM J | GREELEY, CO |
| SCHORTEMEYER, JOHN | PORT CHARLOTTE, FL |
| SCOTT, THOMAS E | MAPLE GROVE, MN |
| SEARLE, CHUCK | PRAIRIE VILLAGE, KS |
| SHAFFER, JOHN R | RED LION, PA |
| SHELTON, LOIS A | STOUCHSBURG, PA |
| SILVA, RAYMOND J AND MARGIE A | SUN CITY, CA |
| SIMON, HOWARD | WESTON, CT |
| SMALLING, JAMES D | LAKEWOOD, CA |
| SMITH, CAROL L AND SHARON RUTH | MARYSVILLE, CA |
| SOMMERFIELD, ROGER C AND JANICE M | ZUMBROTA, MN |
| SONGSTAD, JOSHUA E | ARLINGTON, WA |
| SPROUSE, JUDITH | MABLETON, GA |
| STINSON, LOUELLA L | VESTAVIA, AL |
| SUBRAMANI, KARTHIK | LIVERMORE, CA |
| SURMACZ, ANDRZEJ | LAS VEGAS, NV |
| SURRENCY, TONY E | LUMBERTON, NJ |
| SWEENEY, ROBERT A AND MERYL M | SAN JUAN CAPO, CA |
| TAAFFE, LINDA C | GAINESVILLE, GA |
| TAUSER, TED C | HAZELWOOD, MO |
| TINGLE, GARY | HOLIDAY, FL |
| TOWNSEND, GREGORY K | CANTON, GA |
| TRAYLOR, NAN M | MANASSAS, VA |
| TURNER, ROBERT H | BOCA RATON, FL |
| VANDERBOGART, DAVID | BOOTON, NJ |
| VASTA, DAVID | RALEIGH, NC |
| VEITZER, SETH A | ERIE, CO |
| VILLARS, TERRY W AND DEBORAH | PHOENIX, AZ |
| VINCI, MARY ANN | SUN CITY CENTER, FL |
| VINSON, ANTHONY R AND VINCON, TRACI | OCEANSIDE, CA |
| WAITMAN, DONALD C AND KRISTE A | PHOENIX, AZ |
| WALKER, MICHAEL T | NORTH AUGUSTA, SC |
| WALTON, FREDERICK G | PLEASANT GROVE, AL |
| WAYNE DYE, LONNIE | MOORESVILLE, NC |

| NAME | ADDRESS |
|---|---|
| WEATHERLEY, HOWARD L | RICHARDSVILLE, VA |
| WEBBER, JAMES SCOTT | REDDING, CA |
| WEBER, MARK A | WEST HILLS, CA |
| WEIKEL, JOANNE M | STERLING, VA |
| WESSEL, GREG L | WILMINGTON, NC |
| WHITLOW, KATHERINE I | CORONA, CA |
| WHITLOW, RICHARD D | CORONA, CA |
| WILKS, CLIFTON D AND MARY C | LOCUST GROVE, VA |
| WILLIAMS, BRANT G | JUPITER, FL |
| WILLIAMS, KAREN | SAN MATEO, CA |
| WILLIAMS, REENA SHARON | CAMPBELL, CA |
| WILSON, RODNEY A | TACOMA, WA |
| WILTBERGER, ARLENE | SAN CARLOS, CA |
| WONG, BRANT | CONCORD, CA |
| YAP, ADONIS AND SUSAN M DIGANGI | TRACY, CA |
| ZIELINSKI, THOMAS W | GRAYSLAKE, IL |

**UNTIMELY EXCLUSIONS**

| NAME | ADDRESS |
|---|---|
| CATES, RONALD | LOS ANGELES, CA |
| GUTIERREZ, PAUL | ALBUQUERQUE, NM |